UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

CAR TOYS, INC.,

        Debtor.

CASE NO. 25-12288-TWD

**STIPULATED INTERIM ORDER: (1) AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION, (2) APPROVING POST-PETITION LOAN FACILITY, AND (3) SET A FINAL HEARING**

      This matter came before the Court on the motion (the "**Motion**") of the Debtor, Car Toys, Inc., the above captioned debtor-in-possession ("**Debtor,**" the "**Company,**" or "**Car Toys**"), and Daniel Brettler the ("**Senior Secured Lender**" or "**DIP Lender**" or "**Brettler**") and hereby moves the Court pursuant to sections 105, 361, 362, 363 and 364 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 4001-3, and 9013-1(d)(2)(E) of the Local Rules of Bankruptcy Procedure for the Western District of Washington (the "**Local Bankruptcy Rules**"), for the entry of an interim Order (1) authorizing the Debtors' use of cash collateral in which the Senior Secured Lender (defined herein) consents; (2) authorizing the Debtor

STIPULATED INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION, APPROVING POST-PETITION LOAN FACILITY, AND SETTING A FINAL HEARING

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700  fax 206 587 2308

Case 25-12288-TWD    Doc 12-1    Filed 08/19/25    Ent. 08/19/25 13:45:01    Pg. 1 of 15

to grant adequate protection in favor of the Senior Secured Lender on account of the Debtor's use of cash collateral; (3) approving a post-petition loan facility ("**DIP Loan**"). The Court has reviewed the files and records herein, makes the following findings of fact, and reaches the following conclusions of law based on the written submissions of the Debtor and representations made at the hearing on the Motion:

## FINDINGS AND CONCLUSIONS

On an interim basis, the Court makes the following findings of fact and conclusions of law with respect to the relief granted in this Order:

### General Background

A. The debtor filed its petition for relief under Chapter 11 of the Bankruptcy Code ("**Case**") on August 18, 2025 (the "Petition Date"). The Debtor retains control over its assets and continues to operate its business pursuant to § § 1107 and 1108 of the Bankruptcy Code.

B. The Debtor sent notice of the hearing on the Motion to: the Senior Secured Lender (as defined herein); the U.S. Trustee; the U.S. Attorney's Office; its top 20 creditors; and WA state and federal taxing authorities. Such notice is adequate and reasonable under the circumstances pursuant to Bankruptcy Rules 4001 and Local Rules 4001-3 and 9013-1(d)(2)(E).

### The Pre-Petition Secured Loan.

C. As of the Petition Date, Debtor was indebted to Senior Secured Lender in the approximate amount of $20,641,845.60. The terms of the Pre-Petition Secured Loan Facility are set forth in various loan documents, including the Brettler Secured Loan Agreement, the Brettler Security Agreement, and the 5th Amended and Restated Promissory Note. (the "Brettler Secured Loan"), between Debtor and Brettler.

D. The Brettler Secured Loan is secured by a (i) UCC-1 filing with the Washington State Department of Licensing (specifically Filing No. 2023-122-4223-3) perfecting security interests in all or substantially all of the Debtor's personal property, (the "**Pre-Petition Secured Loan Collateral**"), pursuant to Security Agreement dated as of May 3, 2023.

STIPULATED INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION, APPROVING POST-PETITION LOAN FACILITY, AND SETTING A FINAL HEARING - 2

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

4903-2280-6024, v. 2

Case 25-12288-TWD    Doc 12-1    Filed 08/19/25    Ent. 08/19/25 13:45:01    Pg. 2 of 15

E. The loan documents relating to the Pre-Petition Secured Loan including, but not limited to the documents described in Paragraphs C-D herein are referred to as the "**Pre-Petition Secured Loan Documents**."

F. The Debtor stipulates that as of the Petition Date, the Senior Secured Lender's security interests in and with respect to the Pre-Petition Secured Loan (collectively, the "**Lien**") constitutes valid, binding, enforceable (except to the extent stayed by operation of section 362 of the Bankruptcy Code), attached, and perfected liens on the Debtor's property, not subject to subordination or avoidance. This stipulation shall not bind any other party in interest.

G. The Debtor stipulates that, as of the Petition Date, it was indebted and liable to the Senior Secured Lender for the obligations under the Pre-Petition Secured Loan (the "Pre- Petition Loan Obligations"), that no offsets, defenses or counterclaims to the Pre-Petition Secured Loan Obligations exist, and no portion of the Pre-Petition Secured Loan Obligations are subject to undisclosed avoidance or subordination pursuant to the Bankruptcy Code or applicable non-bankruptcy law. The Debtor waives any right to contest the amount of, or to assert any defense, counterclaim or offset with respect to the Pre-Petition Secured Loan Obligations or the validity, priority or enforceability of the Senior Secured Lender liens on the Pre-Petition Secured Loan Collateral. This stipulation shall not bind any other party in interest.

H. As detailed in the Motion and demonstrated by the Budget, the Debtor requires the use of Cash Collateral and may need the proceeds of post-petition financing to continue their ongoing operations in the ordinary course of business and to avoid disruption of such operations. The Debtor is unable to obtain unsecured credit or financing, and the Court finds and concludes that Debtor and its estate will suffer immediate and irreparable harm if the relief approved hereby is not granted.

I. The Debtor and the Senior Secured Lender have agreed on the primary terms for a proposed restructuring of the Pre-Petition Secured Loan Obligations. As part of such agreement, the Senior Secured Lender has consented to the use of its cash collateral on an interim basis

STIPULATED INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION, APPROVING POST-PETITION LOAN FACILITY, AND SETTING A FINAL HEARING - 3

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

Case 25-12288-TWD    Doc 12-1    Filed 08/19/25    Ent. 08/19/25 13:45:01    Pg. 3 of 15
4903-2280-6024, v. 2

pursuant to the terms of the Budget and this Interim Order, pending the completion or termination of their restructuring negotiations.

J.     Pursuant to the terms of a Senior Secured Super-Priority Debtor in Possession Credit Agreement ("**Credit Agreement**"), attached hereto as Exhibit A, and related documents (collectively, including the Credit Agreement, the "**DIP Loan Documents**"), the Debtor has proposed to obtain post-petition financing from Daniel Brettler (the "**DIP Lender**"). The Debtor's obligations under the DIP Agreement shall be referred to as (the "**DIP Obligations**.")

K.     The Debtor and the DIP Lender negotiated the terms of the DIP Loan Documents in good faith and at arms-length. As such, the DIP Loan Documents will be deemed to have been made and entered into in good faith as required by, and within the meaning of, section 364(e) of the Bankruptcy Code, and the DIP Lender is entitled to the protections of section 364(e) of the Bankruptcy Code.

L.     The terms of the DIP Loan Documents are fair and reasonable, reflect the Debtor's exercise of prudent business judgment consistent with their fiduciary duties, and are supported by reasonably equivalent value and fair consideration.

M.     This Court concludes that entry of this Order is in the best interests of the Debtor's creditors and their estates because its implementation, among other things, will allow the Debtor to remain in business by providing the working capital necessary to sustain ongoing working capital requirements and to partially fund the expenses of this chapter 11 case. Absent the entry of this Order, the Debtor's estates would be immediately and irreparably harmed.

N.     The Pre-Petition Secured Loan Collateral includes cash proceeds thereof ("**Cash Collateral**") that is considered "cash collateral" under section 363(a) of the Bankruptcy Code. The Debtor represents that it is unable to obtain unsecured financing and, except for the Cash Collateral and the DIP Loan, has no source from which to fund the budgeted expenses necessary to preserve and protect the assets of the estates. The Debtor requires use of both Cash Collateral and the proceeds of the DIP Loan to continue its operations uninterrupted and to avoid irreparable harm to

STIPULATED INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION, APPROVING POST-PETITION LOAN FACILITY, AND SETTING A FINAL HEARING - 4

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

4903-2280-6024, v. 2

Case 25-12288-TWD    Doc 12-1    Filed 08/19/25    Ent. 08/19/25 13:45:01    Pg. 4 of 15

its business and its estate.

O. Pursuant to §§ 361, 362, 363 and 364 of the Bankruptcy Code, the Debtor has agreed to provide adequate protection of the Senior Secured Lender's interests in the Cash Collateral on the terms provided for herein and in accordance with the budget attached hereto as Exhibit B (as amended in accordance herewith, the "Budget"). As part of the Budget and the Debtor's request to use Cash Collateral, the Debtor proposes to create and fund a professional fund ("**Professional Fund**") on a post-petition basis to pay the professional fees and costs incurred by the Debtor and the Official Unsecured Creditors Committee ("**Committee**") if a Committee is actually appointed, as the Court may authorize and allow by subsequent order following notice and hearing. The Debtor proposes to deposit all funds budgeted for the Professional Fund at such times and in such amounts described in the Budget with Cairncross & Hempelmann ("**Cairncross**"), attorneys for the Debtor, where such funds would be held in trust pending further order of the Court following notice and hearing. Under no circumstances shall the Lender be compelled to advance funds in excess of the Commitment. The Debtor believes that the proposed Professional Fund is appropriate given the size and nature of these cases and the likely creation and participation of a Committee in these cases. The Professional Fund shall lose its status as a carve-out and shall become CT Collateral (i) upon entry of a final decree, an order dismissing the Chapter 11 or an order converting the Chapter 11 to a Chapter 7 and after the application of funds in the Professional Fund to approved professional fees from the Chapter 11. In which case such funds shall be delivered to the Lender within two business days of the occurrence of the preceding without further order of the Court.

P. This Court has jurisdiction over these proceedings and the parties and property affected by this Order pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. § 157. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

Q. All of the relief proposed by the Debtor with respect to Cash Collateral use, grant

STIPULATED INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION, APPROVING POST-PETITION LOAN FACILITY, AND SETTING A FINAL HEARING - 5

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700  fax 206 587 2308

4903-2280-6024, v. 2

Case 25-12288-TWD    Doc 12-1    Filed 08/19/25    Ent. 08/19/25 13:45:01    Pg. 5 of 15

of adequate protection to the Senior Secured Lender, and the terms of the DIP Loan Documents are consistent with this Court's Guidelines for Cash Collateral and Financing Stipulations.

R. Based on the record before this Court, including the Budget, the fact that ongoing operations will continue to maximize the value of the Debtor's assets and estate, and the granting of adequate protection as set forth herein, the Court finds that, on an interim basis, the interests of the Senior Secured Lender are adequately protected, as contemplated by §§ 361, 362, 363 and 364 of the Bankruptcy Code.

## ORDER

Based on the foregoing findings, it is hereby

ORDERED as follows:

1. <u>Motion Granted.</u> The Motion is granted on an interim basis pursuant to the terms and conditions of this order with respect to the Debtor proposed use of Cash Collateral, grant of protection to the Senior Secured Lender, and borrowing of the DIP Loan (this "**Interim Order**"). The Debtor is authorized to enter into the DIP Loan Documents and to incur and perform the DIP Obligations, subject to any limitations set forth in this Order.

2. Use of Cash Collateral and DIP Loan. Subject to the terms and conditions of this Interim Order, the Debtor is authorized to use Cash Collateral and proceeds of the DIP Loan (a) solely during the Interim Period (as defined below), (b) to pay the costs and expenses and for the purposes identified in the Budget with respect to the Debtor's business operations, and (c) in amounts not to exceed the aggregate amount authorized under the Budget, subject only to the adjustments permitted under paragraph 3. The "Interim Period" begins on the date of the entry of this Interim Order and ends on the Termination Date (as defined below). From and after the Termination Date, the Debtor may not use, sell, or lease any Pre-Petition Secured Loan Collateral without further authority of the Court.

3. Budget. The Debtor is authorized to use Cash Collateral and/or proceeds of the DIP Loan in accordance with the Budget and this Interim Order, subject to the following provisions:

STIPULATED INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION, APPROVING POST-PETITION LOAN FACILITY, AND SETTING A FINAL HEARING - 6

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

4903-2280-6024, v. 2

Case 25-12288-TWD    Doc 12-1    Filed 08/19/25    Ent. 08/19/25 13:45:01    Pg. 6 of 15

a. The Debtor may exceed the payment amounts contemplated by a line item of the Budget for a any monthly Budget period, so long as the Debtor's total payments for the line item for the period do not exceed the budgeted amount by more than fifteen percent (15%), provided, however, that the Debtor may roll forward any expense in any line item to a later time and may pay that expense when due.

b. To the extent that any of the items set forth in the Budget became due prior to the Court's entry of this Interim Order (but subsequent to the Petition Date), the Debtor is authorized to use Cash Collateral and proceeds of the DIP Loan to pay such items after the entry of the Interim Order and such items shall be treated as having been paid during the period set forth in the Budget for purposes of determining whether the Debtor is in compliance with the Budget. In addition, to the extent that any items set forth in the Budget were incurred but not yet paid prior to the Termination Date, the Debtor shall nevertheless be entitled to use Cash Collateral and/or DIP Loan Proceeds to pay such items.

c. Consistent with and as set forth in the Budget, the Debtor's use of Cash Collateral will be used in the ordinary course of business and in a manner consistent with historical operations of the Debtor but including the necessary costs of moving inventory from closing stores to sold stores, and to fund the WARN Act Adversary settlement, if approved by this Court in the amount of $125,000, as discussed in the Brettler Declaration and in the Motion to Approve the WARN Act Settlement..

d. Further, as set forth in the Budget, and pursuant to Senior Secured Lender's consent, Debtor is authorized to use

4. **Bankruptcy Fees and Professional Fund.** The Debtor is also authorized to use Cash Collateral and proceeds of the DIP Loan to pay the following costs, fees and expenses (collectively, the "**Carve-Out**"): (a) the unpaid fees due and payable to the Clerk of the

STIPULATED INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION, APPROVING POST-PETITION LOAN FACILITY, AND SETTING A FINAL HEARING - 7

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

Case 25-12288-TWD    Doc 12-1    Filed 08/19/25    Ent. 08/19/25 13:45:01    Pg. 7 of 15
4903-2280-6024, v. 2

Court and the Office of the United States Trustee pursuant to 28 U.S.C. § 1930; and (b) contributions to the Professional Fund to the extent authorized under the Budget.

5. Adequate Protection. As adequate protection for the Debtor's use of Cash Collateral:

    a. The Debtor shall provide the Senior Secured Lender with financial and other reporting in compliance with this Order and the requirement of the Bankruptcy Code and Rules.

    b. Senior Secured Lender is hereby granted valid, binding, enforceable and perfected replacement liens on and security interests in (the "**Pre-Petition Secured Loan Adequate Protection Liens**") all Post-petition Collateral (as defined below) of Debtor, other than to secure an amount (the "**Pre-Petition Secured Loan Adequate Protection Obligations**") equal to the decrease, if any, in the value of the Senior Secured Lender's interest in the Pre-Petition Secured Loan Collateral. The respective lien of the Senior Secured Creditor in the Post-Petition Collateral will be the same as their respective priorities in the Pre-Petition Collateral on the date of filing.

    c. The post-petition collateral ("**Postpetition Collateral**") consists of (1) all property of Debtor that is of the same type and nature as the Pre-Petition Secured Loan Collateral, tangible or intangible, wherever located, whether now owned or hereafter acquired or arising, and all proceeds, products, rents and profits of all of the foregoing, including, without limitation, property acquired or created after the Petition Date, and (2) subject to entry of a final order, all other property of the Debtor of any kind and nature, whether real or personal, tangible or intangible, wherever located, whether now owned or hereafter acquired or arising, and all proceeds, products, rents and profits thereof, including, without limitation, all cash, accounts, chattel paper, deposit accounts, documents, equipment, general intangibles, instruments, investment property, letter of credit rights, vehicles,

STIPULATED INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION, APPROVING POST-PETITION LOAN FACILITY, AND SETTING A FINAL HEARING - 8

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700  fax 206 587 2308

4903-2280-6024, v. 2

Case 25-12288-TWD    Doc 12-1    Filed 08/19/25    Ent. 08/19/25 13:45:01    Pg. 8 of 15

goods, accounts receivable, inventory, cash-in-advance deposits, real estate, machinery, intellectual property (including trademarks and trade names), licenses, causes of action, rights to payment, including tax-refund claims, insurance proceeds and tort claims and the proceeds, products, rents and profits of all of the foregoing, including, without limitation, property acquired or created after the Petition Date. The Postpetition Collateral does not include Debtor's claims for relief arising under the Bankruptcy Code, such as those arising under sections 506(c), 544, 545, 547, 548, 549, 550, and 553 of the Bankruptcy Code.

d. The Pre-Petition Secured Loan Adequate Protection Liens shall have priority over all liens, claims, encumbrances, and interests of every kind and nature, whether created before or after the Petition Date, as well as the liens granted to the DIP Lender, junior and subject only to (a) any valid, enforceable, perfected and unavoidable lien on Debtor's assets and property in existence as of the Petition Date or duly perfected after the Petition Date in accordance with section 546(b) of the Bankruptcy Code, provided that the Pre-Petition Secured Loan Adequate Protection Liens shall have priority over any lien , and (b) the Carve-Out, and shall be effective as of the date of the entry of this Interim Order without any further action by the Debtor, the Senior Secured Lender and without the necessity of the execution, filing or recordation of any financing statements, security agreements, lien applications or other documents.

e. The Debtor shall continue to maintain insurance on their assets as the same existed as of the Petition Date.

f. In accordance with section 507(b) of the Bankruptcy Code, if, notwithstanding the foregoing protections, the Senior Secured Lender has a claim allowable under section 507(a)(2) of the Bankruptcy Code arising from the stay of action against the Pre-Petition Secured Loan Collateral from the use, sale, or lease

STIPULATED INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION, APPROVING POST-PETITION LOAN FACILITY, AND SETTING A FINAL HEARING - 9

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

Case 25-12288-TWD    Doc 12-1    Filed 08/19/25    Ent. 08/19/25 13:45:01    Pg. 9 of 15
4903-2280-6024, v. 2

of such collateral, or from the granting of any lien on the collateral, then the Senior Secured Lender's claim shall have priority over every other claim and administrative expense allowable under section 507(a)(2) of the Bankruptcy Code, but subordinate to the Carve-Out, in any amount equal to the decrease, if any, in the value of that party's interest in the Pre-Petition Secured Loan Collateral as a result of the Debtor's use of Cash Collateral.

6. <u>Evidence of Adequate Protection Liens</u>. This Interim Order shall be sufficient for, and conclusive evidence of, the priority, perfection, and validity of the Pre-Petition Secured Loan Adequate Protection Liens, and the Senior Secured Lender shall not be required to file or serve mortgages, UCC financing statements, notices of lien or similar instruments, or take any other action in order to preserve the priority, perfection, and validity of the Pre-Petition Secured Loan Adequate Protection Liens.

7. Professional Fund. The Professional Fund is approved with Debtor to fund the amounts consistent with the Budget for that purpose. The Professional Fund shall be held on deposit and maintained in the trust account of Cairncross & Hempelmann, attorneys for the Debtor, pending further order of the Court following notice and hearing for the pro rata benefit of the professionals engaged by the Debtor and the Committee. To the extent amounts deposited into the Professional Fund exceed the allowed fees and costs of those professionals, such excess funds shall remain subject to the rights of the Senior Secured Lender.

8. Provisions Regarding DIP Loan. With respect to the DIP Obligations and the DIP Loan Agreement:
    a.    The DIP Loan and the DIP Loan Documents are approved subject to the following clarifications:

STIPULATED INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION, APPROVING POST-PETITION LOAN FACILITY, AND SETTING A FINAL HEARING - 10

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700  fax 206 587 2308

4903-2280-6624, v. 2

Case 25-12288-TWD    Doc 12-1    Filed 08/19/25    Ent. 08/19/25 13:45:01    Pg. 10 of 15

(1) If the DIP Lender declares a Default under the terms of the DIP Loan, its right to pursue remedies against the Debtor and/or the DIP Facility Collateral shall be subject to notice and hearing before this Court.

(2) Pending the final hearing on this matter, none of the provisions contained in the DIP Loan Documents that provided for the Debtor to waive any legal rights of any kind shall be enforceable.

b. The Debtor shall comply with and perform, and are bound by, all of the terms, conditions, and waivers contained in the DIP Loan Documents.

c. The Debtor is expressly authorized to borrow from the DIP Lender by taking draws from the DIP Loan pursuant to the schedule in the Budget or amended Budget by providing the notice to DIP Lender provided for in the DIP Agreement. All DIP Obligations shall constitute allowed claims (the "**Superpriority Claims**") against the Debtor with priority over any and all administrative expenses and claims under section 507(b) of the Bankruptcy Code, junior only to the Pre-Petition Secured Loan, the Pre-Petition Secured Loan Adequate Protection Obligations, and any other claims and rights to the reimbursement of expenses in favor of the Senior Secured Lender.

d. As security for the DIP Obligations, the DIP Lender shall have and is hereby granted (effective on the date of this Order and without the necessity of the execution by the Debtor of security agreements, pledge agreements, financing statements, or other documents or instruments) valid and perfected security interests and liens (the "**DIP Facility Liens**") in in all of the Debtor's personal property, including its intellectual property, (the "**DIP Collateral**"). The DIP Lender may, but is not required to, file this Order with any appropriate state or local office as proof of the existence and perfection of

STIPULATED INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION, APPROVING POST-PETITION LOAN FACILITY, AND SETTING A FINAL HEARING - 11

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

Case 25-12288-TWD    Doc 12-1    Filed 08/19/25    Ent. 08/19/25 13:45:01    Pg. 11 of 15
4903-2280-6024, v. 2

the DIP Facility Liens, and may, but is not required to, file a UCC-1 Financing Statement or other customary documentation necessary to record and/or perfect the same under applicable non-bankruptcy law. The DIP Facility Liens shall be junior and subordinate only to the liens of the IRS and the Senior Secured Lender against the Pre-Petition Secured Loan Collateral and the Pre-Petition Secured Loan Adequate Protection Liens granted the Senior Secured Lender hereunder, and any other existing, valid lien against any of the DIP Facility Collateral as of the Petition Date.

e. The DIP Lender's rights, including the DIP Liens and the Superpriority Claims, shall be exclusive and independent of the Carve Out. The DIP Lender and the Debtor have negotiated the DIP Obligations and the DIP Loan Documents in good faith and at arms-length. Thus, the DIP Lender is entitled to the full protection of section 364(e) of the Bankruptcy Code with respect to the DIP Obligations and the DIP Facility Liens if this Order or any finding, adjudication, or authorization contained herein is stayed, vacated, reversed, or modified on appeal. Any stay, modification, reversal, or vacation of this Order will not affect the validity of any DIP Obligations incurred prior to the DIP Lender's actual receipt of written notice of the effective date of any such stay, modification, reversal, or vacation.

f. Notwithstanding any such stay, modification, reversal, or vacation, all financing extended to the Debtor pursuant to this Order and all DIP Obligations incurred by the Debtor pursuant hereto prior to the DIP Lender's actual receipt of written notice of the effective date of any such stay, modification, reversal, or vacation shall be governed in all respects by the original provisions hereof, and the DIP Lender shall be entitled to all the rights, privileges, and benefits, including, without limitation, the liens, security interests,

STIPULATED INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION, APPROVING POST-PETITION LOAN FACILITY, AND SETTING A FINAL HEARING - 12

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

4903-2280-6024, v. 2

Case 25-12288-TWD    Doc 12-1    Filed 08/19/25    Ent. 08/19/25 13:45:01    Pg. 12 of 15

and first priorities granted herein with respect to all such DIP Obligations

9. Termination Date. The Interim Period ends on the earliest date (the "Termination Date") when one or more of the following conditions has occurred or has been met.

    a. _____ at 5:00 p.m., Pacific Time.

    b. The Court enters an order converting this case to a case under chapter 7 of the Bankruptcy Code, or the Debtor has filed a motion or has not timely opposed a motion seeking such relief.

    c. The Court enters an order appointing or electing a trustee, examiner or any other similar entity with expanded powers beyond investigatory alone.

    d. The Court enters an order dismissing this case, or the Debtor has filed a motion or has not timely opposed a motion seeking such relief.

    e. The Court enters any order that stays, modifies, or reverses this Interim Order.

    f. The Court enters an order granting relief from the automatic stay so as to allow a third party to proceed against any Pre-Petition Secured Loan Collateral, Cash Collateral or DIP Facility Collateral.

10. Effect of Order. This Interim Order is effective immediately upon its entry, shall be binding on the Debtor, all parties in interest in this case and their respective successors and assigns, shall continue in full force and effect through the end of the Interim Period. With respect to the relief granted to the Senior Secured Lender and the DIP Lender in connection with the decrease, if any, in the value of that party's interest in the Pre-Petition Secured Loan Collateral and/or actual funds advanced by the DIP Lender during the Interim Period, this Interim Order shall survive the end of the Interim Period and entry of any other order, including any order that may be entered confirming any plan of reorganization, any order converting this Case to any other chapter under the Bankruptcy Code, and any order dismissing this Case.

11. Any stay, modification, reversal, or vacation of this Interim Order shall not affect the

STIPULATED INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION, APPROVING POST-PETITION LOAN FACILITY, AND SETTING A FINAL HEARING - 13

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

Case 25-12288-TWD    Doc 12-1    Filed 08/19/25    Ent. 08/19/25 13:45:01    Pg. 13 of 15

validity of any obligation of any Debtor to the Senior Secured Lender and the DIP Lender incurred pursuant to this Interim Order. Notwithstanding any such stay, modification, reversal or vacation, the use of Cash Collateral by the Debtor pursuant hereto prior to the effective date of such stay, modification, reversal or vacation shall be governed in all respects by the original provisions hereof, and the Senior Secured Lender and the DIP Lender shall be entitled to all the rights, privileges, and benefits, including, without limitation, Pre-Petition Secured Loan Adequate Protection Liens, the Postpetition Collateral, and the Adequate Protection Claims granted herein.

12. Objections Overruled. All objections to the Motion (if any) with respect to entry of this Interim Order are hereby overruled.

13. Final Hearing. The final hearing on the Motion (the "Final Hearing") is hereby set for September \_\_\_\_\_, 2025, _____, Pacific Time. Objections, Responses and any reply shall be filed in accordance with LBR 9013-1Final Hearing. Objections shall be due on _____, no later than 5:00 p.m., Pacific Time. Any reply shall be due on _____, no later than _____, Pacific Time.

//End of Order//

Presented by:

CAIRNCROSS & HEMPELMANN, P.S.

 /s/ Steven M. Palmer
Steven M. Palmer, WSBA No. 48823
E-mail: spalmer@cairncross.com
Bruce W. Leaverton, WSBA No. 15329
E-mail: bleaverton@cairncross.com
Maria Y. Hodgins, WSBA No. 56924
E-mail: mhodgins@cairncross.com
Ryan R. Cole, WSBA No. 62066
E-mail: rcole@cairncross.com

STIPULATED INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION, APPROVING POST-PETITION LOAN FACILITY, AND SETTING A FINAL HEARING - 14

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

Case 25-12288-TWD    Doc 12-1    Filed 08/19/25    Ent. 08/19/25 13:45:01    Pg. 14 of 15
4903-2280-6024, v. 2

1. *Attorneys for Debtor*

2. And By:

3. /s/
4. Nathan Riordan, WSBA No. 33926
E-mail: nate@wrlawgroup.com
5. 600 Stewart St Ste 1300
Seattle, WA 98101-1255
6. Telephone: (206) 903-0401
7. Facsimile: (206) 219-4141
*Attorneys for Daniel Brettler*

STIPULATED INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION, APPROVING POST-PETITION LOAN FACILITY, AND SETTING A FINAL HEARING - 15

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308