Hon. Timothy W. Dore
Chapter 11
Location: Seattle – Courtroom 8106
Hearing Date: August 22, 2025
Hearing Time: 9:30 a.m.
Response Date: Time of Hearing
(Order shortening time pending)

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

CAR TOYS, INC.,

    Debtor.

NO. 25-12288-TWD

**DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING DEBTOR TO PAY WARN ACT CLASS ACTION SETTLEMENT**

    Car Toys, Inc. (the "**Debtor**," "**Car Toys**," or the "**Company**"), debtor-in-possession in the above-captioned chapter 11 case, respectfully moves the Court for an order authorizing it to pay a class action settlement amount as described herein. This emergency motion (the "**WARN Act Settlement Motion**") and relies upon and incorporates by reference the Declarations of Philip Kaestle (the "**Kaestle Declaration**") and Daniel Brettler (the "**Brettler Declaration**") in Support of the Debtor's First Day Motions, and the Declaration of Daniel L. Thieme ("**Thieme Declaration**"), filed concurrently herewith.

**BACKGROUND**

**A. General Background**

    On August 18, 2025 (the "**Petition Date**"), the Debtor commenced a voluntary case under

DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING DEBTOR
TO PAY WARN ACT CLASS ACTION SETTLEMENT - 1

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700 fax 206 587 2308

Case 25-12288-TWD    Doc 16    Filed 08/19/25    Ent. 08/19/25 13:59:24    Pg. 1 of 6

chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to operate its business and manage its financial affairs as debtor-in-possession. Information regarding the Debtor's history and business operations and the events leading up to the commencement of the Chapter 11 Case can be found in the Kaestle Declaration, filed contemporaneously herewith.

## B. Wireless Advocates' Bankruptcy and Adversary Proceeding Case

On February 27, 2023, this Court issued an order granting an involuntary petition seeking Chapter 7 relief against Wireless Advocates. *See In re Wireless Advocates*, Case No. 23-10117-TWD, Dkt. No. 91 (the "**Wireless Advocates Chapter 7 Case**"). Thieme Decl. at ¶ 4. Thereafter, Virginia Burdette has served as the Chapter 7 Trustee for Wireless Advocates. *Id.* In the Wireless Advocates Chapter 7 Case, Plaintiffs Jason Karroll, Brandon Pham, Armani Little, Bradley Hibbs, Robert Pauley, Joel Gitter, Rusty Clark, Tracey Sava, and the Chapter 7 Trustee filed an adversary proceeding, Case No. 23-10117-TWD (the "**WARN Act Adversary Proceeding**"), alleging various claims against both Wireless Advocates and Car Toys. *Id.* at ¶ 5.

In order for Wireless Advocates to settle the Plaintiffs' class action claims in the WARN Act Adversary Proceeding arising under the federal Worker Adjustment and Retraining Notification ("**WARN**") Act, in which both Wireless Advocates and Car Toys were named, Car Toys agreed to contribute $125,000 (the "**Settlement**") to the total settlement amount. *See* Thieme Decl., Ex. A, and Ex. B. Car Toy's $125,000 contribution is due on or around October 6, 2025, subject to the Court's final approval, which should occur at or shortly after the August 22, 2025 hearing on final settlement approval. *Id.* at ¶ 6, and Ex. C.

Car Toys' payment of this $125,000 settlement amount will benefit Car Toys' estate and its creditors. Thieme Decl. at ¶ 7. This settlement amount is nominal in comparison to the $3.5 million that Wireless Advocates is contributing. *Id.* Moreover, Car Toys' failure to pay would leave the Company open to potentially significant liability. *Id.* The plaintiff class numbers approximately 1,800 people, and Plaintiffs have claimed total class damages of $17.5 million. *Id.*

DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING DEBTOR TO PAY WARN ACT CLASS ACTION SETTLEMENT - 2

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700 fax 206 587 2308

4928-4256-7263, v. 1

Case 25-12288-TWD    Doc 16    Filed 08/19/25    Ent. 08/19/25 13:59:24    Pg. 2 of 6

Car Toys' failure to pay would also open up the Company to additional fees and costs associated with litigation. *Id.* The $125,000 settlement amount is less than the costs of defense. *Id.* Paying this settlement amount will provide certainty to Car Toys at a time when the Company needs it. *Id.*

**JURISDICTION AND VENUE**

The United States Bankruptcy Court for the Western District of Washington (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b).

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Debtor consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

The statutory and legal predicates for the relief requested herein are sections 105(a), 363(b), 507(a), and 1107(a) of title 11 of the United States Code, and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure, and Rule 9013-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Western District of Washington.

**RELIEF SOUGHT**

Pursuant 11 U.S.C. § 363(b), a debtor-in-possession to use property of the estate "other than in the ordinary course of business" where the debtor can offer a legitimate business justification for such use. *See In re Ernst Home Ctr., Inc.*, 209 B.R. 974, 979 (Bankr. W.D. Wash. 1997) (the decision to enter into a transaction "outside of the normal course of [the debtor's] business [] must be based on its reasonable business judgment."); *In re Martin*, 91 F.3d 389, 395 (3d Cir. 1996) (under normal circumstances, courts will defer to a debtor's judgment in using property under Section 363(b) if there is a legitimate business justification); *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983) (the application of Section 363(b) requires a "good business reason"). Bankruptcy courts also have power and discretion to "issue any order, process, or

DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING DEBTOR TO PAY WARN ACT CLASS ACTION SETTLEMENT - 3

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700 fax 206 587 2308

4928-4256-7263, v. 1

Case 25-12288-TWD   Doc 16   Filed 08/19/25   Ent. 08/19/25 13:59:24   Pg. 3 of 6

judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. *See* 11 U.S.C. § 105(a).

The Debtor seeks to pay, on the advice of counsel and in the interest of creditors and the estate, the $125,000 Settlement. This Settlement is nominal in comparison to the amount Wireless Advocates has agreed to contribute. Moreover, the Debtor's failure to pay the Settlement would open the Company up to potentially significant liability and additional fees and costs associated with litigation. Paying the Settlement would provide certainty to Car Toys at a time when the Company needs it in this Chapter 11 Case. As such, the Court should authorize the Debtor to pay the Settlement pursuant to 11 U.S.C. § 363(b) and 11 U.S.C. § 105(a).

To the extent that relief from that automatic stay under 11 U.S.C. 362(a) is necessary to the entry of the final settlement agreement, the Debtor consents to a conditional relief from the stay for the sole purpose of allowing the Motion to Approve Compromise or Settlement Joint Motion for Final Approval of Class Action Settlement Resolving WARN Act Adversary Proceeding in Case No. 23-10117 to proceed.

**IMMEDIATE RELIEF IS JUSTIFIED**

Pursuant to Bankruptcy Rule 6003, the Court may grant relief within twenty-one (21) days after the filing of the petition if the "relief is needed to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003(a). As set forth in this WARN Act Settlement Motion, the Debtor believes the payment of the settlement described herein is critical to the value of its operations as a going concern and is further essential to limiting liability and risk to the Debtor throughout this Chapter 11 process. Thieme Decl. at ¶ 7. Any delay in granting such relief requested herein could hinder the Debtor's operations and restructuring efforts and could immediately threaten the Debtor's future as a going concern. *Id.* Accordingly, in order to avoid any such immediate and irreparable harm, the Debtor respectfully requests that the Court grant the relief requested in this WARN Act Settlement Motion on an emergency basis.

DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING DEBTOR TO PAY WARN ACT CLASS ACTION SETTLEMENT - 4

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700 fax 206 587 2308

4928-4256-7263, v. 1

Case 25-12288-TWD    Doc 16    Filed 08/19/25    Ent. 08/19/25 13:59:24    Pg. 4 of 6

## REQUEST FOR WAIVER OF STAY

The Debtor also requests that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of fourteen (14) days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As described above, the relief that the Debtor seeks in this WARN Act Settlement Motion is necessary for the Debtor to preserve the value of its estate. Accordingly, the Debtor respectfully requests that the Court waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

To implement the foregoing immediately, the Debtor respectfully requests a waiver of the notice requirements of Bankruptcy Rule 6004(a) to the extent they are deemed to apply.

## NOTICE OF MOTION AND ORDER

Notice of this Wages Motion will be given to (i) the entities and individuals listed in the Case Management Order and (ii) all parties requesting notice pursuant to Bankruptcy Rule 2002 and (iii) Trustee Virginia Burdette. Notice of this Motion and any order entered hereon will be served in accordance with Bankruptcy Rule 2002 and Local Rule 9013-1. In light of the nature of the relief requested herein, the Debtor submits that due and proper notice has been given under the circumstances, and that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtor submits that the relief requested herein is necessary, appropriate, and in the best interests of the Debtor's estate and creditors. As such, the Debtor respectively asks the Court to enter an order in the form proposed and submitted herewith.

DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING DEBTOR TO PAY WARN ACT CLASS ACTION SETTLEMENT - 5

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587-0700 fax 206 587-2308

4928-4256-7263, v. 1

Case 25-12288-TWD    Doc 16    Filed 08/19/25    Ent. 08/19/25 13:59:24    Pg. 5 of 6

DATED this 19th day of August, 2025.

                CAIRNCROSS & HEMPELMANN, P.S.

/s/ *Steven M. Palmer*
Steven M. Palmer, WSBA No. 48823
E-mail: spalmer@cairncross.com
Maria Y. Hodgins, WSBA No. 56924
E-mail: mhodgins@cairncross.com
Bruce W. Leaverton, WSBA No. 15329
E-mail: bleaverton@cairncross.com
Ryan R. Cole, WSBA No. 62066
E-mail: rcole@cairncross.com
524 Second Avenue, Suite 500
Seattle, WA 98104-2323
Telephone: (206) 587-0700
Facsimile: (206) 587-2308
*Attorneys for Debtor*

DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING DEBTOR TO PAY WARN ACT CLASS ACTION SETTLEMENT - 6

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700 fax 206 587 2308 f

4928-4256-7263, v. 1

Case 25-12288-TWD    Doc 16    Filed 08/19/25    Ent. 08/19/25 13:59:24    Pg. 6 of 6