Honorable Timothy W. Dore
Chapter 7
Hearing Date: August 22, 2025
Hearing Time: 9:30 a.m.
Location: Seattle Courthouse
Response Date: Time of Hearing

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>Car Toys, Inc,<br><br>Debtor. | Case No. 25-12288-TWD<br><br>UNITED STATES TRUSTEE'S OBJECTION TO STIPULATED MOTION TO: (1) AUTHORIZE USE OF CASH COLLATERAL AND GRANT ADEQUATE PROTECTION, (2) APPROVE POST-PETITION LOAN FACILITY, AND (3) SET A FINAL HEARING |

The Acting United States Trustee (the "**U.S. Trustee**"),[1] by and through his undersigned counsel, hereby files this objection to the *Stipulated Motion to (1) Authorize Use of Cash Collateral and Grant Adequate Protection, (2) Approve Post-Petition Loan Facility and (3) Set a Final Hearing* (the "**DIP Financing Motion**") on grounds the Debtor has not met its burden under Fed. R. Bankr. P. 6003 as to the DIP Financing and is seeking provisions generally prohibited by Appendix A to the Local Rules for the Western District of Washington

---

[1] Acting United States Trustee for Region 18 Jonas V. Anderson is recused from participation in this matter. The matter is proceeding under the direction of Gregory M. Garvin, Acting United States Trustee for Region 19.

UNITED STATES TRUSTEE'S
CASH COLLATERAL AND DIP
FINANCING OBJECTION - 1

Office of the United States Trustee
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000

Case 25-12288-TWD    Doc 42    Filed 08/21/25    Ent. 08/21/25 16:01:35    Pg. 1 of 9

("**Appendix A**")[2] without sufficient justification as to why they would be warranted under the circumstances of this case particularly in the context of insider financing subject to strict scrutiny. In support of this objection, the U.S. Trustee respectfully represents as follows:

## PREFACE

The hearing on the DIP Financing Motion is occurring very shortly after the bankruptcy petition was filed and without the benefit of the Debtor's schedules or statement of financial affairs. Most parties in interest have not been given notice of the case or the first day motions. Hence, the U.S. Trustee will oppose any action that substantively affects parties' rights on a final basis. With respect to each of the motions, the U.S. Trustee will advocate that the Court grant interim relief only to the extent necessary to avoid irreparable harm between now and the time that a final hearing, on notice to all parties in interest, can be conducted.

## BACKGROUND

The stipulated DIP Financing Motion seeks an expedited order approving three stipulated forms of relief (1) authorization to use cash collateral which is secured by an allegedly $20M lien in favor of the Debtor's principal, Daniel Brettler; (2) approve a post-petition loan facility proposed to be advanced by Mr. Brettler (the "**DIP Financing Agreement**"), and (3) setting a final hearing. The Motion provides that the sole secured creditor is Mr. Brettler who has a senior secured lien in the amount of $15,613,131, and a supposed junior secured claim which he acquired through subrogation and assignment from Webster Bank on August 14, 2025 in the amount of $5,028,714. Motion, at p. 3. The Motion does not set forth the Debtor's current cash

---

[2] https://www.wawb.uscourts.gov/sites/wawb/files/attachments/CashCollateralGuidelinesAppendixA.pdf (last visited August 21, 2025) ("Appendix A")

UNITED STATES TRUSTEE'S
CASH COLLATERAL AND DIP
FINANCING OBJECTION - 2

Office of the United States Trustee
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000

Case 25-12288-TWD    Doc 42    Filed 08/21/25    Ent. 08/21/25 16:01:35    Pg. 2 of 9

position and the only information given regarding its potential value is the fact that the Debtor has negotiated five purchase and sale agreements (three of which include seller financing provisions) to sell 35 of its stores for a collective value of $13,750,000. Motion, at p. 5-7. No information is given regarding the value of the stores/ inventory/ claims which are not being purchased. Among other relief, the Motion requests approval of the following adequate protection in favor of Brettler:

1. Granting Brettler a §507(b) super priority lien with priority over all other administrative expenses other than the Professional Fund and carveout [Motion, at p. 7];
2. Right to seek relief from the automatic stay on 5 court days' notice after an Event of Default [Motion, at p. 12] and
3. Request the DIP Lender be accorded the benefits of a § 364(e) good faith finding [Motion, at p. 16].

The Motion asserts the "Debtor believes that the value of its property does not exceed the balance due on the Pre-Petition Secured Loan and that there is no equity cushion for the Pre-Petition Secured Loan." Motion at p. 14.

The proposed interim order (the "**Proposed Order**")[3] approving the DIP Financing Motion requests the Court make a § 363(e) good faith finding [Proposed Order at p. 4], authorizes the debtor to fund the WARN Act Adversary settlement[4] [Proposed Order at p. 7]; purports to grant Mr. Brettler not only a lien on the property of the Debtor "that is of the same type and nature as the Pre-Petition Secured Loan Collateral…" but also "all other property of the Debtor of any kind…" but not including claims arising under chapter 5 of the Bankruptcy Code

---

[3] ECF No. 12-1

[4] The U.S. Trustee objects to the proposed payment of the WARN Act Settlement on grounds it is not appropriate to pay a pre-petition general unsecured debt arising from an affiliates' termination of employees two years prior to the petition date on par with administrative expense claims prior to confirmation. Notably, however, the U.S. Trustee and Debtor's counsel have tentatively agreed to delay hearing that motion until a later date.

UNITED STATES TRUSTEE'S
CASH COLLATERAL AND DIP
FINANCING OBJECTION - 3

Office of the United States Trustee
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000

[Proposed Order at p. 8-9], granting Mr. Brettler § 507 super priority lien [Proposed Order at p. 9] and making a § 364(e) good faith finding [ Proposed Order at p. 12].

In support of the DIP Financing Motion, the Debtor submitted the *Declaration of Phillip Kaestle,* (the "**Kaestle Declaration**") which provides in pertinent part:

> 22. As of July 31, 2025, the [Debtor] has approximately $30MM in liabilities. Roughly half of this comes from the [Debtor's] obligations to Dan Brettler via his secured loan obligation and the personal guarantee of the Webster Bank line of Credit.
>
> 24. Car Toys' latest cash flow model assumes additional pre-petition funding of $3.3M during the week ending August 14, 2025 and $0.5MM DIP loan commitment to support the case. The DIP loan is only expected to be drawn against if sale closings drift beyond October 15, 2025.

Kaestle Dec., ECF No. 22 at p. 5. The declaration also noted that Mr. Brettler has historically made "capital injections as a secured lender," with the principal balance due and owing to him growing from $2M in May of 2023 to $14M by August of 2025. *Id.* at p. 2.

Mr. Brettler also filed a declaration in support of the DIP Financing Motion (the "**Brettler Declaration**"). ECF No. 21. Exhibit D to the Brettler Declaration is the Security Agreement by and between the Debtor and Mr. Brettler dated May 3, 2023, which was signed by Mr. Brettler twice, once on behalf of the Debtor as its then Chairman and CEO, and once on behalf of himself as the Lender. *Id.* at p. 16. Similarly, the Secured Loan Agreement dated May 3, 2023, was also signed by Mr. Brettler twice, once on behalf of the Debtor and as its CEO, and once on behalf of himself as the Lender. *Id.* at p. 25. Finally, the Fifth Amended and Restated Secured Promissory Note, for $12,5000,000 with a cap of $13,250,000 dated November 12, 2024 was also attached and signed by Mr. Brettler on behalf of the Debtor, in his capacity as the Treasurer and Chairman of the Board of the Debtor. *Id.* at p. 21-4. The Brettler Declaration also

UNITED STATES TRUSTEE'S
CASH COLLATERAL AND DIP
FINANCING OBJECTION - 4

Office of the United States Trustee
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000

Case 25-12288-TWD    Doc 42    Filed 08/21/25    Ent. 08/21/25 16:01:35    Pg. 4 of 9

suggests the existence of IRS liens on the Debtor's assets but upon information and belief, this was an inadvertent inclusion by Debtor's counsel.

On August 21, 2025, the Debtor filed the *Supplemental Declaration of Philip Kaestle in Support of First Day Motions*, (the "**Supplemental Declaration**") in an effort to resolve certain outstanding issues the U.S. Trustee had raised informally. ECF No. 35. Attached to the Supplemental Declaration as Exhibit B was an "Acknowledgement of Accommodation," dated August 14, 2025, wherein the Debtor agreed to repay Mr. Brettler $5,029,105.14, the exact amount Mr. Brettler paid Webster Bank to satisfy the loan Mr. Brettler was a co-obligor for. Exhibit B to Supplemental Declaration, ECF No. 35-2. The U.S. Trustee questions the value the Debtor received in exchange for this accommodation, given that it did not appear to reduce the Debtor's outstanding secured debt at all, while at the same time conferring a substantial benefit to Mr. Brettler given that he was no longer a co-obligor to Webster bank as a result of the transaction. The Supplemental Declaration also now changes the date by which the DIP Financing could be needed from mid-October to Mid-September. Supplemental Declaration, ECF No. 35 at p. 3. It also clarified that there are no outstanding IRS liens. *Id.*

## OBJECTION

### A. Insider Transactions are Subject to Heightened Scrutiny

Financial transactions between debtors and insiders are "inherently suspect because they are rife with the possibility of abuse" and are therefore subject to "heightened scrutiny". *In re Latam Airlines Grp. S.A.,* 620 B.R. 722, 769 (Bankr. S.D.N.Y. 2020) *citing In re Bidermann Indus. U.S.A. Inc.,* 203 B.R. 547, 551 (Bankr. S.D.N.Y. 1997) *and (quoting C & J Clark Am., Inc. v. Carol Ruth, Inc. (In re Wingspread Corp.),* 92 B.R. 87, 93 (Bankr. S.D.N.Y. 1988); *see*

UNITED STATES TRUSTEE'S
CASH COLLATERAL AND DIP
FINANCING OBJECTION - 5

Office of the United States Trustee
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000

Case 25-12288-TWD    Doc 42    Filed 08/21/25    Ent. 08/21/25 16:01:35    Pg. 5 of 9

*also Schubert v. Lucent Techs. Inc. (In re Winstar Commc'ns, Inc.),* 554 F.3d 382, 412 (3d Cir. 2009) ("A claim arising from the dealings between a debtor and an insider is to be rigorously scrutinized by the courts."). "In applying heightened scrutiny, courts are concerned with the integrity and entire fairness of the transaction at issue, typically examining whether the process and price of a proposed transaction not only appear fair but are fair and whether fiduciary duties were properly taken into consideration." *In re Innkeepers USA Tr.,* 442 B.R. 227, 231 (Bankr. S.D.N.Y. 2010), *see also In re Roussos*, 541 B.R. 721, 730 (Bankr. C.D. Cal. 2015) (noting that transactions involving insiders should be subject to higher scrutiny) *citing In re Family Christian, LLC,* 533 B.R. 600, 622 (Bankr. W.D. Mich. 2015), *Fabricators, Inc. v. Technical Fabricators, Inc. (Matter of Fabricators, Inc.)*, 926 F.2d 1458, 1465 (5th Cir. 1991). Applying such strict scrutiny to the facts herein, the Court should decline the request to approve emergency DIP financing on a secured basis, carveout from Brettler's super priority claim under § 507(b) a lien on the proceeds of any avoidance actions, refrain from granting him any liens beyond replacement lien for the value of the diminished cash collateral, decline to approve the provision authorizing Mr. Brettler to seek relief from stay on shortened time and should not yet make a finding that the proposed transaction is entitled to good faith under § 364(e).

### B. The Debtor has Not Satisfied Rule 6003 as to the DIP Financing Request

Rule 6003 prohibits courts from granting any application or motion to "incur any other obligation regarding property of the estate" in the first twenty-one days of the case "unless relief is needed to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003(a). Here, the Debtor seeks court approval of a $500,000 DIP Loan from Mr. Brettler. Motion, at p 7. While the Debtor, Mr. Brettler and Mr. Kaestle all make conclusory allegations that the funding is

UNITED STATES TRUSTEE'S
CASH COLLATERAL AND DIP
FINANCING OBJECTION - 6

Office of the United States Trustee
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000

Case 25-12288-TWD    Doc 42    Filed 08/21/25    Ent. 08/21/25 16:01:35    Pg. 6 of 9

necessary now, no information is provided regarding how much cash on hand the debtor has now or how much it had as of the Petition Date. Further. Mr. Kaestle's declaration states "[t]he DIP loan is only expected to be drawn against if the sale closings drift beyond October 15, 2025." If the Debtor does not anticipate using the DIP loan proceeds until October 15th, then there is no reason this transaction needs to be approved on day four of the case, when it won't be needed until day 58 of the case. Accordingly, the request to approve the DIP Loan should be delayed until a final hearing can be held on the request.

### C. The Debtor Should Not Grant Mr. Brettler a Super Priority Claim Over Potential Funds Recovered from Avoidance Actions and § 506(c) Claims

As set forth above, the Debtor's schedules and a statement of financial affairs have not yet been filed, disclosing the total value of any pre-petition transfers made to or for the benefit of Mr. Brettler which may give rise to avoidance claims, or the value of any claims the estate may hold against Mr. Brettler. The fact Mr. Brettler was the sole signatory to all of the loan documents giving rise to his initial lien on both sides of the transaction and the fact he it is unclear what value the Debtor received in exchange for his substitution in on the Webster Secured debt confirms it would be premature to grant Mr. Brettler a super priority lien that covers the value of avoidance actions. Accordingly, the U.S. Trustee requests the Court exclude from any § 507(b) super priority lien the value of any funds recovered from avoidance actions.

### D. The Court Should Not Authorize Mr. Brettler to Seek Relief from Stay on an Expedited Basis

Appendix A identifies provisions in stipulated agreements for cash collateral or debtor-in-possession financing "that the judges will not normally approve." <u>Appendix A</u>, at p. 1. Among the provisions not normally approved are those granting:

UNITED STATES TRUSTEE'S
CASH COLLATERAL AND DIP
FINANCING OBJECTION - 7

Office of the United States Trustee
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000

Case 25-12288-TWD    Doc 42    Filed 08/21/25    Ent. 08/21/25 16:01:35    Pg. 7 of 9

> Automatic relief from the stay of § 362(a) upon the debtor's default under the cash collateral or financing agreement or stipulation, conversion to chapter 7 or the appointment of a trustee.

Appendix A, at ¶ 8. Here, the Motion discloses that the Credit Agreement at § 3.10(f) and the Interim cash Collateral/DIP Order at ¶ 8(a)(1) authorize Mr. Brettler to seek relief from stay on five-court days' notice in the event of a default. No additional justification is provided in the Motion addressing why such extraordinary relief is warranted and therefore it should not be permitted.

**E. The Court Should Decline to Make a § 364(e) Finding at the Interim Stage**

A proponent of a motion seeking a good faith finding bears the burden of proof on that issue under § 364(e). *See In re Solidus Networks, Inc.,* No. BAP CC-08-1046-MKKPA, 2008 WL 8462968, at *4 (B.A.P. 9th Cir. Dec. 24, 2008). Similarly, Appendix A, includes amount the provisions not normally approved in financing motions "[a] finding without supportive evidence to the effect that in consenting to the use of cash collateral or postpetition financing, the secured creditor is acting in good faith." Appendix A, at 13. Here, there is insufficient evidence in the record from which the Court could conclude Mr. Brettler has negotiated the insider financing agreements in good faith when viewed with the requisite heighted scrutiny applicable to insider transactions. As set forth above, Mr. Brettler's fingerprints are the only ones on all of the underlying financing documents, with the sole exception of the DIP Financing Agreement, funding which isn't necessary until mid-September 2025. This coupled with the fact the Debtor's current Chief Restructuring Officer referred to Mr. Brettler's pre-petition funding as "discretionary capital injections"[5] suggests the funding may not have been as arm's length as

---
[5] Kaestle Decl. at ¶ ¶ 7 and 18.

UNITED STATES TRUSTEE'S
CASH COLLATERAL AND DIP
FINANCING OBJECTION - 8

Office of the United States Trustee
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000

represented warrants delaying the § 364(e) finding.  Finally, the lack of information regarding potential avoidance actions or claims the estate may have against Mr. Brettler personally, confirms it is premature to make any "good faith findings" with respect to whether or not Mr. Brettler has acted in good faith when transacting business with the Debtor.

WHEREFORE, for the reasons set forth herein, the U.S. Trustee respectfully request the Court decline to approve the DIP Financing on an interim basis, specifically exclude from the grant of any super priority lien the proceeds of any sums recovered from an avoidance action or as the result of a motion under § 506(c), decline to approve any provision shortening the time within which Mr. Brettler could seek relief from stay, and decline to make any findings under § 364(e).

DATED this 21st day of August, 2025.

Respectfully Submitted,

GREGORY M. GARVIN
Acting United States Trustee for Region 19

/s/ *Kathryn Evans*
Kathryn Evans, Cal Bar No. 240149
Attorney for the United States Trustee

UNITED STATES TRUSTEE'S
CASH COLLATERAL AND DIP
FINANCING OBJECTION     - 9 -

Office of the United States Trustee
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000

Case 25-12288-TWD    Doc 42    Filed 08/21/25    Ent. 08/21/25 16:01:35    Pg. 9 of 9