Hon. Timothy W. Dore
Chapter 11
Location: Seattle – Courtroom 8106
Hearing Date: September 9, 2025
Hearing Time: 10:00 a.m.
Response Date: September 4, 2025

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

CAR TOYS, INC.,

    Debtor.

CASE NO. 25-12288-TWD

**SUPPLEMENTAL BRIEF IN SUPPORT OF FINAL ORDER ON THE STIPULATED MOTION TO: (1) AUTHORIZE USE OF CASH COLLATERAL AND GRANT ADEQUATE PROTECTION, (2) APPROVE POST-PETITION LOAN FACILITY**

Car Toys, Inc. (the "**Debtor**," the "**Company**," or "**Car Toys**"), the above captioned debtor-in-possession, moves the Court pursuant to sections 105, 361, 362, 363 and 364 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 4001-3, and 9013-1(d)(2)(E) of the Local Rules of Bankruptcy Procedure for the Western District of Washington (the "**Local Bankruptcy Rules**"), for the entry of a final Order (1) authorizing the Debtor's use of cash collateral in which the senior secured lender (the "**Senior Secured Lender**") asserts a security interest; (2) authorizing the Debtor to grant adequate protection in favor of the

SUPPLEMENTAL BRIEFING ON MOTION TO: (1) AUTHORIZE USE OF CASH COLLATERAL AND GRANT ADEQUATE PROTECTION, AND (2) APPROVE POST-PETITION LOAN FACILITY - 1

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700 fax 206 587 2308

Case 25-12288-TWD    Doc 98    Filed 08/29/25    Ent. 08/29/25 16:28:26    Pg. 1 of 6

Senior Secured Lender on account of the Debtor's use of cash collateral; and (3) approving a post-petition loan facility. This brief is based upon the files and records herein, the filed Declarations of Phillip Kaestle (the "**First Day Kaestle Declaration**"), Dkt. 22, and Daniel Brettler (the "**First Day Brettler Declaration**"), Dkt. 21, in support of the First Day Motions, the exhibits attached thereto, the consent of the Senior Secured Lender, and the Supplemental Declaration of Philip Kaestle (the "**Supplemental Kaestle Declaration**"), filed herewith.

## SUPPLEMENTAL BACKGROUND INFORMATION

### A. General Background

The Debtor filed for relief under Chapter 11 of the Bankruptcy Code on August 18, 2025. Dkt. 1. The Court conducted its interim hearing on the First Day Motions on August 22, 2025. On August 19, 2025, the Debtor and the Senior Secured Lender filed a Stipulated Motion to Authorize Use of Cash Collateral and Grant Adequate Protection, Approve Post-Petition Loan Facility, and Set a Final Hearing. (the "**Motion**"). *See* Dkt. 12. At the hearing, this Court reserved ruling on the Debtor's request for approval of its proposed debtor-in-possession ("**DIP**") financing (the "**DIP Loan**"), but granted interim cash collateral use and scheduled a final hearing for September 9, 2025 (the "**Final Hearing**"). The Court further instructed the Debtor to file any supplemental briefs by August 29, 2025, with responsive briefs due by September 4, 2025. The Debtor hereby supplements its Motion with this brief.

### B. Use of Cash Collateral and Adequate Protection

The Debtor requires, and the Senior Secured Lender has consented to, the immediate use of the cash proceeds of the Prepetition Credit Agreement Collateral (the "**Cash Collateral**") to continue uninterrupted operations for the benefit of the Debtor's creditors and its estate. First Day Kaestle Decl., Dkt. 22, at ¶ 40. The Debtor has discovered that the cash collateral budget ("**Budget**") it put forward fails to account for the commission payments that will be due to its salespeople for the months of August and September. Supp. Kaestle Decl. at ¶¶ 4-6. These are ordinary course payments, and if they are not permitted, there would likely be an exodus of

SUPPLEMENTAL BRIEFING ON MOTION TO: (1) AUTHORIZE USE OF CASH COLLATERAL AND GRANT ADEQUATE PROTECTION, AND (2) APPROVE POST-PETITION LOAN FACILITY - 2

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

4915-2216-6420, v. 5

Case 25-12288-TWD    Doc 98    Filed 08/29/25    Ent. 08/29/25 16:28:26    Pg. 2 of 6

salespeople. *See id.* at ¶¶ 4-5; *see also id.*, Ex. A (the "**Amended Budget**").

The Debtor therefore requests that the Court approve the Amended Budget to include payment of commissions as a necessary and appropriate expenditure. With the exception of this small modification, the Debtor continues to need to use cash collateral per the Amended Budget and also seeks the Court's approval of the proposed DIP Loan as a funding source, should the Debtor's estimated cash flow prove inadequate to fund the necessary expenditures set forth in the Budget. The terms of the Debtor's proposed use of cash collateral and its proposed terms for adequate protection for the interests of its Senior Secured Lender and its proposed DIP Loan remain as set forth in the Debtor's original Motion, Dkt. 12.

### C. Proposed Post Petition Financing

In addition to the use of Cash Collateral, the Debtor needs to borrow funds on a post-petition basis in order to meet the projected expenditures, as set forth in the Amended Budget. Supp. Kaestle Decl. at ¶ 6. As stated in its original Motion, Dkt. 12, prior to the Petition Date, the Debtor successfully negotiated post-petition financing evidenced by the DIP loan note (the "**DIP Loan**") upon the terms and conditions set forth in the Credit Agreement, attached as Exhibit I to the First Day Brettler Declaration (the "**Credit Agreement**"), Dkt. 21. Daniel Brettler as DIP lender (the "**DIP Lender**") agreed to make and provide the DIP Loan upon the terms and conditions set forth in the Credit Agreement (collectively, "**DIP Loan Documents**"). The terms of the DIP Loan are in the original Motion, Dkt. 12, and the Exhibits attached to the First Day Kaestle Declaration, Dkt. 22, and the First Day Brettler Declaration, Dkt. 21.

The interest rate provided for in the DIP Loan Documents is SOFR plus .75%. *See* Supp. Kaestle Decl. at ¶ 7. The Amended Budget shows a need for additional funding outside the use of Cash Collateral beginning as early as mid-September. *Id.* at ¶ 6. Without access to the DIP Loan, the Debtor will not be able to make necessary expenditures in the ordinary course of its business operations through the closure of its going-concern sales. *Id.* at ¶ 8. The Debtor is unable to obtain funding on an unsecured basis and cannot obtain financing on a secured basis on terms better than

SUPPLEMENTAL BRIEFING ON MOTION TO: (1) AUTHORIZE USE OF CASH COLLATERAL AND GRANT ADEQUATE PROTECTION, AND (2) APPROVE POST-PETITION LOAN FACILITY - 3

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700 fax 206 587 2308

4915-2216-6420, v. 5

Case 25-12288-TWD    Doc 98    Filed 08/29/25    Ent. 08/29/25 16:28:26    Pg. 3 of 6

those provided under the DIP Loan Documents. *Id.* at ¶ 9. Furthermore, the terms of the DIP Loan provide the DIP Lender with adequate protection. *Id.* at ¶ 10.

The DIP Lender was advised by independent counsel, Wenokur Riordan, PLLC, and the Debtor was represented by Phil Kaestle, its Chief Restructuring Officer ("**CRO**"), and Cairncross & Hempelmann, PS, in the negotiation of the terms of the DIP Loan Documents. *Id.* After several rounds of edits, the terms of the DIP Loan, as set forth in the original Motion, Dkt. 12, were agreed to by the parties, subject to this Court's approval. Supp. Kaestle Decl. at ¶ 11. The amount of the necessary DIP Loan is based upon the CRO's funding estimates set forth in the Amended Budget, with input from the CRO's colleagues at SierraConstellation Partners ("**SCP**"), as well as Car Toys' Chief Financial Officer ("**CFO**"), Kim Nelson. *Id.* at ¶ 12. The Debtor needs funding from the DIP Loan to finance the orderly continuation of its business operations; the DIP Loan is of particular utility in maintaining the Debtor's business relationships with its vendors and customers, and in providing management with the assurance that final payrolls can be funded, as well as other operating expenses necessary to effectuate the contemplated sale of a majority of the Debtor's retail locations to strategic purchasers. *Id.* at ¶ 12.

## SUPPLEMENTAL ARGUMENT AND AUTHORITY

### A. Use of Cash Collateral

Section 363(c) of the Bankruptcy Code provides:

> (2) The Trustee may not use, sell or lease cash collateral under paragraph (1) of this subsection unless, (A) each entity that has an interest in such cash collateral consents; or…

Here, the Senior Secured Lender has consented to the use of Cash Collateral pursuant to the terms of the Final Order filed herewith and no other entities have an interest in the Cash Collateral; thus, the requirements of § 363(c) of the Bankruptcy Code are satisfied. For these reasons, the Debtor respectfully requests the Court authorize the use of Cash Collateral pursuant to the terms of the proposed Interim Order filed herewith. The proposed final order, which the Debtor intends to file with the Court, clarifies that adequate protection replacement liens are limited to the categories,

SUPPLEMENTAL BRIEFING ON MOTION TO: (1) AUTHORIZE USE OF CASH COLLATERAL AND GRANT ADEQUATE PROTECTION, AND (2) APPROVE POST-PETITION LOAN FACILITY - 4

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

4915-2216-6420, v. 5

Case 25-12288-TWD    Doc 98    Filed 08/29/25    Ent. 08/29/25 16:28:26    Pg. 4 of 6

scope and validity of the Senior Secured Lender's prepetition liens and do not attach to avoidance actions.

B. Post-Petition Financing

Section 364(c) of the Bankruptcy Code provides:

> (c) If the trustee is unable to obtain unsecured credit allowable under section 503 (b) (1) of this title as an administrative expense, the court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt – (1) with priority over any or all administrative expenses of the kind specified in section 503(b) or, 507 (b) of this title; (2) secured by a lien on property of the estate that is not otherwise subject to a lien; or (3) secured by a junior lien on property of the estate that is subject to a lien.

Furthermore, Section 364(d)(1) of the Bankruptcy Code provides:

> The court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt secured by a senior or equal lien on property of the estate that is subject to a lien only if— (A) the trustee is unable to obtain such credit otherwise and; (B) there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted.

As stated in its original Motion, Dkt. 12, the Debtor is unable to procure the required funds in the form of unsecured credit or unsecured debt with an administrative priority. The DIP Loan is in the best interest of the Debtor's estate and creditors because it is the only means of continuing operations during the Debtor's efforts to liquidate its business as a going concern to maximize value for the estate, to the extent the use of Cash Collateral proves inadequate. The circumstances of this case thus require the Debtor to obtain financing under § 364(c).

The standard for approval of the DIP Loan on the Final Hearing is the reasonable exercise of the Debtor's business judgment, that the debtor is not able to obtain less burdensome credit arrangements, and that the interests of existing lienholders are adequately protected *See In re Defender Drug Stores, Inc.*, 145 B.R. 312, 317 (Bankr. App. 9th Cir. 1992). The terms of the DIP Loan reflect good faith, arm's-length negotiations between the Debtor's CRO and the DIP Lender,

SUPPLEMENTAL BRIEFING ON MOTION TO: (1) AUTHORIZE USE OF CASH COLLATERAL AND GRANT ADEQUATE PROTECTION, AND (2) APPROVE POST-PETITION LOAN FACILITY - 5

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700  fax 206 587 2308

4915-2216-6420, v. 5

Case 25-12288-TWD    Doc 98    Filed 08/29/25    Ent. 08/29/25 16:28:26    Pg. 5 of 6

with input from the Senior Secured Lender's counsel, as well as the Debtor's reasonable exercise of its business judgment. The Debtor is unable to obtain post-petition financing on better terms than those provided by the DIP Lender.

Accordingly, the Debtor respectfully requests that the Court authorize the Debtor to obtain post-petition financing pursuant to Sections 364(c) and (d) of the Bankruptcy Code.

## CONCLUSION

The Debtor respectfully requests entry of an order in the form submitted by the Debtor shortly. The Debtor asks that the Court authorize the Debtor's use of Cash Collateral as set forth herein, approve the DIP Loan, and set a final hearing at such time as the Court may direct.

DATED this 29th day of August, 2025

CAIRNCROSS & HEMPELMANN, P.S.

*/s/ Steven M. Palmer*
Steven M. Palmer, WSBA No. 48823
E-mail: spalmer@cairncross.com
Bruce W. Leaverton, WSBA No. 15329
E-mail: bleaverton@cairncross.com
Maria Y. Hodgins, WSBA No. 56924
E-mail: mhodgins@cairncross.com
Ryan R. Cole, WSBA No. 62066
E-mail: rcole@cairncross.com
524 Second Avenue, Suite 500
Seattle, WA 98104-2323
Telephone: (206) 587-0700
Facsimile: (206) 587-2308
*Attorneys for Debtor*

SUPPLEMENTAL BRIEFING ON MOTION TO: (1) AUTHORIZE USE OF CASH COLLATERAL AND GRANT ADEQUATE PROTECTION, AND (2) APPROVE POST-PETITION LOAN FACILITY - 6

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

4915-2216-6420, v. 5

Case 25-12288-TWD    Doc 98    Filed 08/29/25    Ent. 08/29/25 16:28:26    Pg. 6 of 6