Hon. Timothy W. Dore
Chapter 11
Location: Seattle – Courtroom 8106
Hearing Date: September 9, 2025
Hearing Time: 10:00 a.m.
Response Date: September 4, 2025

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>CAR TOYS, INC.,<br><br>                Debtor. | NO. 25-12288-TWD<br><br>**DEBTOR'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR ORDER AUTHORIZING DEBTOR TO PAY WARN ACT CLASS ACTION SETTLEMENT** |

Car Toys, Inc. (the "**Debtor**," "**Car Toys**," or the "**Company**"), debtor-in-possession in the above-captioned chapter 11 case, respectfully provides additional briefing, as requested by the Court, in support of its motion, (the "**Motion**"), for an order authorizing it to pay the class action settlement amount described therein. This supplemental brief (the "**Supplemental Brief**") relies upon and incorporates by reference the Declarations of Philip Kaestle (the "**First Day Kaestle Declaration**"), Dkt. 22, and Daniel Brettler (the "**First Day Brettler Declaration**"), Dkt. 21, in Support of the Debtor's First Day Motions, the Declaration of Daniel L. Thieme (the "**Thieme Declaration**"), Dkt. 17, the Supplemental Declaration of Daniel L. Thieme (the "**Supplemental Thieme Declaration**"), and the Supplemental Declaration of Philip Kaestle (the "**Supplemental Kaestle Declaration**"), filed herewith.

DEBTOR'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR ORDER AUTHORIZING DEBTOR TO PAY WARN ACT CLASS ACTION SETTLEMENT - 1

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700 fax 206 587 2308

Case 25-12288-TWD    Doc 101    Filed 08/29/25    Ent. 08/29/25 16:33:07    Pg. 1 of 7

# SUPPLEMENTAL INFORMATION

## A. Background Information on WARN Act Litigation Against Car Toys

On January 17, 2023, Jason Karroll, on behalf of a putative class, filed a lawsuit (the "**South Carolina Lawsuit**") against Car Toys in the U.S. District Court for the District of South Carolina alleging violations of the federal Worker Adjustment and Retraining Notification Act (the "**WARN Act**"). *See Karroll v. Car Toys, Inc.*, 765 F. Supp. 3d 506 (D.S.C. 2025); *see also* Supp. Thieme Decl. at ¶ 2. The plaintiffs – employees of Wireless Advocates, LLC ("**Wireless Advocates**") – alleged that they had been terminated without sixty days' advance written notice, as required by the WARN Act, and that Wireless Advocates and Car Toys amounted to "a single employer" for purposes of this WARN Act violation. Supp. Thieme Decl., ¶ 3.

Shortly after the plaintiffs filed the South Carolina Lawsuit, on February 27, 2023, this Court issued an order granting an involuntary petition seeking Chapter 7 relief against Wireless Advocates. *See In re Wireless Advocates*, Case No. 23-10117-TWD, Dkt. No. 91 (the "**Wireless Advocates Chapter 7 Case**"). Given that Car Toys was a non-debtor entity and not protected by the automatic stay, the South Carolina Lawsuit proceeded against Car Toys. Supp. Thieme Decl. at ¶ 2. The plaintiffs, through their counsel Jack Simpson, argued the novel legal theory that although sixty days' notice is only required by the WARN Act where a layoff affects fifty or more full-time employees at a single site of employment, the termination of the plaintiffs in the South Carolina Lawsuit was *caused by* the shutdown of Wireless Advocates' headquarters in Washington State (headquarters shared with Car Toys), thereby satisfying the fifty-employee threshold, regardless of the fact that the plaintiffs all worked at small kiosks throughout the country – none of which employed more than fifty employees. *Id.* at ¶ 3. He further argued that although the terminated employees were all employed by Wireless Advocates, because Car Toys shared management, ownership, a headquarters facility, and administrative employees under a shared services agreement, Car Toys should also be considered their employer under the WARN Act "single employer" theory. *Id.* at ¶ 12; *see also Childress v. Darby Lumber, Inc.*, 357 F.3d 1000

DEBTOR'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR ORDER AUTHORIZING DEBTOR TO PAY WARN ACT CLASS ACTION SETTLEMENT - 2

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700 fax 206 587 2308

4910-4769-6228, v. 4

Case 25-12288-TWD    Doc 101    Filed 08/29/25    Ent. 08/29/25 16:33:07    Pg. 2 of 7

(9th Cir. 2004) (a case in which the Ninth Circuit affirmed summary judgment for plaintiffs finding WARN Act "single employer" status existed between a parent and its subsidiary).

Between 2023 and 2025, Car Toys, through its counsel at Littler Mendelson, moved to dismiss the South Carolina Lawsuit three times and moved for summary judgment against the plaintiffs once. After extensive briefing on these dispositive motions, multiple amendments to the plaintiffs' complaint, and significant Car Toys resources spent litigating the WARN Act issues, the court finally dismissed the plaintiffs' claims on February 3, 2025. *Id.* at ¶ 4.

**B. The WARN Act Settlement Agreement**

As further described in the Debtor's original Motion, Dkt. 16, in the Wireless Advocates Chapter 7 Case, Plaintiffs Jason Karroll, Brandon Pham, Armani Little, Bradley Hibbs, Robert Pauley, Joel Gitter, Rusty Clark, and Tracey Sava, on behalf of a class of approximately 1,800 members (collectively, the "**Plaintiffs**"), filed an adversary proceeding alleging violations of the WARN Act (the "**Warn Act Adversary Proceeding**"), Case No. 23-10117-TWD. The Plaintiffs alleged damages of $17.5 million.

After extensive litigation and the expenditure of significant attorney fees and costs, Wireless Advocates elected to settle the Plaintiffs' claims. Pursuant to the terms of the settlement agreement (the "**Settlement Agreement**"), the Plaintiffs would receive a total settlement amount of $3.625MM. Car Toys agreed to contribute $125,000 toward this total settlement amount. The Settlement Agreement was wholly contingent upon this Court's approval. Until the Court approved the terms of the Settlement Agreement, the parties to the agreement had no outstanding obligations. Meanwhile, Car Toys filed for bankruptcy on August 18, 2025 (the "**Petition Date**").

After a hearing on August 22, 2025, this Court approved the Settlement Agreement in the WARN Act Adversary Proceeding. *See* Dkt. 939, Case No. 23-10117-TWD. Car Toys' $125,000 contribution is due on or around October 6, 2025. *See* Supp. Thieme Decl., Ex. A. The Settlement Agreement indicates explicitly that it becomes effective on the date that the Settlement Agreement is considered "Final." *Id.* at p. 4.

DEBTOR'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR ORDER AUTHORIZING DEBTOR TO PAY WARN ACT CLASS ACTION SETTLEMENT - 3

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700 fax 206 587 2308

Case 25-12288-TWD    Doc 101    Filed 08/29/25    Ent. 08/29/25 16:33:07    Pg. 3 of 7
4910-4769-6228, v. 4

> For purposes of this Settlement Agreement, "Effective Date" and Final" mean the later of: The passage of the deadline to appeal the Final Approval Order with no notice of appeal filed; or if a timely notice of appeal is filed, after the appellate court affirms the Bankruptcy Court's Final Approval Order without material modification…

*Id.* As made clear by the language of the Settlement Agreement, the settlement could not possibly become effective without this Court's "Final Approval." *Id.* Although this Court has entered Final Approval of the Settlement, it was done post-petition *vis a vis* Car Toys. Further, without this Court's final approval, the Settlement would have become null and void. *Id.* at 5. Thus, on the date of filing, and even through today, all parties to the Settlement Agreement have obligations to perform; the Chapter 7 Trustee must pay its portion of the settlement (one payment), Car Toys must pay its portion of the settlement (one payment), and the Plaintiffs must forever release their claims (a single act). *Id*. The Plaintiffs' releases are not granted for the promise to pay, but rather for the actual payment itself. As of this date, the Effective Date of the Settlement Agreement has not yet occurred and neither side has performed.

## ARGUMENT AND AUTHORITY

### A. The Settlement Agreement Is an Executory Contract

Whether a contract is executory for a party in bankruptcy is a question of federal law. *In re Wegner,* 839 F.2d 533, 536 (9th Cir. 1988). A contract is executory if the obligations of both parties are so unperformed that the failure of either party to complete performance would constitute a material breach and thus excuse performance of the other. *Id*. To determine whether a contract is executory, courts first determine whether both parties have remaining material obligations. *See Com. Union Ins. Co. v. Texscan Corp. (In re Texscan Corp.)*, 976 F.2d 1269, 1272 (9th Cir. 1992). If either party has "substantially performed," the contract is not executory. *See Marcus & Millichap Inc. v. Munple, Ltd. (In re Munple, Ltd.)*, 868 F.2d 1129, 1130 (9th Cir. 1989). Courts then determine, as of the petition date, whether failure to perform would give rise to a material breach and excuse performance by the other party. *See In re Texscan Corp.*, 976 F.2d at 1272

DEBTOR'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR ORDER AUTHORIZING DEBTOR TO PAY WARN ACT CLASS ACTION SETTLEMENT - 4

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700 fax 206 587 2308

4910-4769-6228, v. 4

Case 25-12288-TWD    Doc 101    Filed 08/29/25    Ent. 08/29/25 16:33:07    Pg. 4 of 7

(citing *Collingwood Grain, Inc. v. Coast Trading Co. (In re Coast Trading Co.)*, 744 F.2d 686, 692 (9th Cir. 1984) and *In re Wegner*, *supra*, 839 F.2d at 536). "The materiality of a remaining obligation and whether the failure to perform a remaining obligation is a material breach of the contract is an issue of state law." *Id.* (citation omitted).

Most significantly, the "approach" used generally by courts in this Circuit "is to ask whether the [contract] requires further performance from each party *at the time the petition is filed*." *In re Robert L. Helms Constr. & Dev. Co., Inc.*, 139 F.3d 702, 705 (9th Cir. 1998) (emphasis added). Courts "look to outstanding obligations *at the time the petition for relief is filed* and ask whether both sides must still perform." *Id.* at 706 (emphasis added) ("The question thus becomes: At the time of filing, does each party have something it must do to avoid materially breaching the contract?").

Here, it is undisputed as of the Petition Date, the Court's Final Approval had not yet been entered. This Court only approved the Settlement Agreement *later* at a hearing on August 22, 2025. On the Petition Date, the Settlement Agreement was wholly unperformed on both sides, and both parties had mutual obligations. Furthermore, the Settlement Agreement is *still* wholly unperformed on either side. Even through today, the Chapter 7 Trustee must still pay its portion of the settlement, the Debtor must pay another portion, and the Plaintiffs must forever release their claims. All of these obligations remain outstanding. And the Plaintiffs' releases, pursuant to the explicit terms of the Settlement Agreement itself, are *not* granted for the *promise* to pay by Car Toys and Wireless Advocates; rather, they are released upon actual payment – an obligation which has not yet arisen now and which had not arisen as of the Petition Date. Thus, as today, the Effective Date of the Settlement Agreement has not yet occurred and neither side has performed. Accordingly, the Settlement Agreement is an executory contract. *See Helms*, 139 F.3d at 705-06.

**B. Payment of the Settlement Is in the Best Interests of the Debtor's Estate and its Creditors**

11 U.S.C. § 365 allows a Chapter 11 debtor-in-possession to determine whether a "contract

DEBTOR'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR ORDER AUTHORIZING DEBTOR TO PAY WARN ACT CLASS ACTION SETTLEMENT - 5

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700 fax 206 587 2308

4910-4769-6228, v. 4

Case 25-12288-TWD    Doc 101    Filed 08/29/25    Ent. 08/29/25 16:33:07    Pg. 5 of 7

is a good deal for the estate going forward." *See Mission Prod. Holdings, Inc. v. Tempnology, LLC*, 587 U.S. 370, 373, 139 S.Ct. 1652, 203 L.Ed.2d 876 (2019). Philip Kaestle of SierraConstellation Partners ("**SCP**"), the Chief Restructuring Officer ("**CRO**") of the Debtor, considers Car Toys' $125,000 contribution towards the Settlement Agreement to be the least risky option, based on his business judgment and in the best interests of the bankruptcy estate. *See* Supp. Kaestle Decl. at ¶ 23.

The Settlement Agreement calls for Car Toys to pay $125,000 – a relatively modest portion of the total settlement required by the Settlement Agreement. Although this dollar amount is not necessarily nominal, it amounts to less than one third of the attorney fees and costs incurred by the Debtor in defending the South Carolina Lawsuit. Supp. Thieme Decl. at ¶ 8. The Debtor's concern is that failure to perform its Settlement Agreement obligations would expose the estate to the requirement that it resolve a disputed eight figure claim, which would cost this Debtor's estate considerable administrative expense to resolve as well as a substantial risk of dilution of any dividend ultimately payable to holders of allowed general unsecured claims.

**C. The Settlement Agreement Should be Approved Pursuant to Rule 9019**

In the alternative, should the Court conclude Section 365 is inapplicable under these facts, the Debtor asks that the Court nevertheless approve the Debtor's payment of the settlement amount pursuant to Bankruptcy Rule 9019. Under *A & C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986), the Court must consider the following factors when determining whether to approve a proposed settlement:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection: (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of creditors and a proper deference to their reasonable views in the premises.

This Court has already approved this settlement as in the best interests of the Wireless Advocates estate. Here, the Debtor has similarly determined that factors (c) and (d) strongly militate in favor of eliminating this large, disputed claim through payment of the settlement amount.

DEBTOR'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR ORDER AUTHORIZING DEBTOR TO PAY WARN ACT CLASS ACTION SETTLEMENT - 6

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700 fax 206 587 2308

4910-4769-6228, v. 4

Case 25-12288-TWD    Doc 101    Filed 08/29/25    Ent. 08/29/25 16:33:07    Pg. 6 of 7

## NOTICE AND ORDER

Notice of this Supplemental Brief will be given to (i) the entities and individuals listed in the Case Management Order and (ii) all parties requesting notice pursuant to Bankruptcy Rule 2002 and (iii) Trustee Virginia Burdette. Notice of this Supplemental Brief and any order entered hereon will be served in accordance with Bankruptcy Rule 2002 and Local Rule 9013-1.

## CONCLUSION

WHEREFORE, the Debtor submits that the relief requested herein is necessary, appropriate, and in the best interests of the Debtor's estate and creditors. As such, the Debtor respectively asks the Court to enter an order in the form proposed and submitted herewith.

DATED this 29th day of August, 2025.

CAIRNCROSS & HEMPELMANN, P.S.

/s/ *Steven M. Palmer*
Steven M. Palmer, WSBA No. 48823
E-mail: spalmer@cairncross.com
Bruce W. Leaverton, WSBA No. 15329
E-mail: bleaverton@cairncross.com
Maria Y. Hodgins, WSBA No. 56924
E-mail: mhodgins@cairncross.com
Ryan R. Cole, WSBA No. 62066
E-mail: rcole@cairncross.com
524 Second Avenue, Suite 500
Seattle, WA 98104-2323
Telephone: (206) 587-0700
Facsimile: (206) 587-2308
*Attorneys for Debtor*

DEBTOR'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR ORDER AUTHORIZING DEBTOR TO PAY WARN ACT CLASS ACTION SETTLEMENT - 7

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700 fax 206 587 2308

4910-4769-6228, v. 4

Case 25-12288-TWD    Doc 101    Filed 08/29/25    Ent. 08/29/25 16:33:07    Pg. 7 of 7