Docusign Envelope ID: 294CCBA9-A250-4AB6-B7A4-C5DCBA7CAA84

Hon. Timothy W. Dore
Chapter 11
Location: Seattle – Courtroom 8106
Hearing Date: September 9, 2025
Hearing Time: 10:00 a.m.
Response Date: September 4, 2025

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

CAR TOYS, INC.,

        Debtor.

CASE NO. 25-12288-TWD

**SECOND SUPPLEMENTAL DECLARATION OF PHILIP KAESTLE IN SUPPORT OF SUPPLEMENTAL BRIEFING RE FIRST DAY MOTIONS**

I, Philip Kaestle, declare and state as follows:

1. I am the Chief Restructuring Officer (the "**CRO**") of Car Toys, Inc. ("**Car Toys**," the "**Debtor**," or the "**Company**") and a managing director of SierraConstellation Partners, LLC ("**SCP**"). I have personal knowledge of the facts set forth in this declaration, I am over the age of eighteen, and I am competent to testify.

2. This declaration (the "**Supplemental Kaestle Declaration**") is in support of Car Toys' Supplemental Briefing in support of the Debtor's First Day Motions: Specifically, the Debtor's Motion to Authorize Use of Cash Collateral, Dkt. 12, the Debtor's Motion for Order Authorizing Debtor to Pay Severance, Key Employee Incentive Plan ("**KEIP**"), and Key

DECLARATION OF PHILIP KAESTLE - 1

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700 fax 206 587 2308

Case 25-12288-TWD    Doc 103    Filed 08/29/25    Ent. 08/29/25 16:36:03    Pg. 1 of 6

Employee Retention Plan ("**KERP**") Obligations, Dkt. 14, and the Debtor's Motion for an Order Authorizing the Debtor to Pay WARN Act Class Action Settlement, Dkt. 16.

**CASH COLLATERAL USE AND DIP LOAN**

3. In addition to the use of Cash Collateral, Car Toys needs to borrow funds on a post-petition basis in order to meet the projected expenditures as set forth in the Budget.

4. Our initial Budget unintentionally omitted commission that is regularly paid to salespeople mid-month. The Company needs to pay commissions, as has been the Company's practice for years. As such, attached hereto as **Exhibit A** is a true and correct copy of the amended budget (the "**Amended Budget**").

5. If the Company does not pay these commissions, Car Toys would be at risk of losing salespeople, which would severely harm the Company at this critical time.

6. We are currently anticipating the need for a draw on the DIP Loan in mid-September to fund payroll including commissions.

7. The interest rate provided for in the DIP Loan Documents is SOFR plus .75%. The Amended Budget shows a need for additional funding outside the use of Cash Collateral beginning mid-September.

8. Without access to the DIP Loan, the Company will not be able to make necessary expenditures in the ordinary course of its business operations through the closure of its going-concern sales.

9. Car Toys is unable to obtain funding on an unsecured basis and cannot obtain financing on a secured basis on terms better than those provided under the DIP Loan Documents.

10. The terms of the DIP Loan provide the DIP Lender with adequate protection. The DIP Lender was advised by independent counsel, Wenokur Riordan, and the Company was represented by Cairncross & Hempelmann in the negotiation of the terms of the DIP Loan Documents.

11. After several rounds of edits, the terms of the DIP Loan were agreed to.

SUPPLEMENTAL DECLARATION OF PHILIP KAESTLE - 2

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700 fax 206 587 2308

Case 25-12288-TWD    Doc 103    Filed 08/29/25    Ent. 08/29/25 16:36:03    Pg. 2 of 6

12. I estimated the amount of the necessary DIP Loan as CRO, and according to the Budget calculated with input from SCP and Car Toys' Chief Financial Officer ("**CFO**"). The Company needs funding of the DIP Loan to finance the orderly continuation of the operation of its business, to maintain business relationships with its vendors, and customers, to finance payroll and to make other payments contemplated by the Budget.

## CAR TOYS' SEVERANCE OBLIGATIONS

13. Car Toys seeks to pay severance (the "**Severance Obligations**") to certain non-insider employees (the "**Severance Eligible Employees**"). The amounts of these Severance Obligations and the employees to which the Company intends to direct these payments are listed on **Exhibit B**, a true and correct copy of a summary of the Company's Severance Obligations.

14. In its original motion seeking authority to pay the Severance Obligations, the Debtor sought to pay insiders severance as well. *See* Dkt. 14; *see also* Dkt. 22. However, the Debtor now seeks only to pay Severance Obligations to the non-insider, Severance Eligible Employees identified in **Exhibit B**. None of these employees are insiders of the Company.

15. These Severance Obligations constitute payment upon termination in lieu of notice. They are based on the good-standing of the Severance Eligible Employees at the time of termination, their salaries at the time of termination, their continued commitment to working through the life of the Chapter 11 process as to preserve the value of the estate for the benefit of the creditors, and the services they previously provided and continue to provide to the Company. These Severance Eligible Employees will be entitled to the Severance Obligations only upon termination, for work performed post-petition. The Severance Eligible Employees expect to be paid the Severance Obligations based on the Debtor's long-standing practice of paying rank and file, general and administrative ("**G&A**") employees severance pre-petition.

16. Many of these Severance Eligible Employees likely know their discharge is inevitable, particularly given the public filing of Car Toys' Chapter 11 petition and the news coverage by various media outlets. Still, they remain working for the Company under the

SUPPLEMENTAL DECLARATION OF PHILIP KAESTLE - 3

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700 fax 206 587 2308

Case 25-12288-TWD    Doc 103    Filed 08/29/25    Ent. 08/29/25 16:36:03    Pg. 3 of 6

expectation that they will receive the Severance Obligations. Retaining the Severance Eligible Employees at this juncture is critical to Chapter 11 process.

## CAR TOYS' KERP OBLIGATIONS

17. In its original motion seek authority to make payments (the "**KERP Obligations**") to certain employees (the "**KERP Eligible Employees**"), the Debtor inadvertently omitted certain Washington employees who are entitled to KERP Obligations. Accordingly, we now seek to supplement the record and update these figures. In addition to those identified in Exhibit F to the First Day Kaestle Declaration, Dkt. 22, the Debtor now also seeks to make payments totaling $13,500 to various Washington employees. These Washington employees were previously informed that they could expect to receive KERP Obligations. A true and correct copy of the updated KERP numbers is attached hereto as **Exhibit B.**

18. Each of the KERP Eligible Employees is critical to the success of this Chapter 11 case. Each has an important and distinct skill set and responsibility. Replacing the KERP Eligible Employees would be difficult, time-consuming, and expensive, if they could be replaced at all. Losing them at this early and critical stage of the Chapter 11 case would be highly disruptive to the process, which would put the Company's bankruptcy estate and the creditors at risk. As such, the Company developed the KERP to retain these employees, which will in turn maximize the value of the Company's assets.

## CAR TOYS' KEIP OBLIGATIONS

19. As further described in the First Day Kaestle Declaration, Dkt. 22, Car Toys created a KEIP to incentivize certain employees (the "**KEIP Eligible Employees**") to remain with the Company through the Chapter 11 process. Payments to the KEIP Eligible Employees (the "**KEIP Obligations**") are based on concrete milestones and measurements (the "**Metrics**"). A true and correct copy of the terms of the KEIP, including these Metrics, is attached hereto as **Exhibit C**.

20. The only insiders of the Company entitled to KEIP are Geevy Thomas, the Company's CEO, and Kimberly Nelson, the Company's CFO. All other KEIP Eligible

SUPPLEMENTAL DECLARATION OF PHILIP KAESTLE - 4

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700 fax 206 587 2308

Case 25-12288-TWD    Doc 103    Filed 08/29/25    Ent. 08/29/25 16:36:03    Pg. 4 of 6

Employees identified are non-insiders. They do not exercise control over the Company's operations or policies.

21. The KEIP Metrics will be difficult for the KEIP Eligible Employees to accomplish, particularly given the difficulties the Company has faced in finding potential buyers – and given that the PSAs are still being negotiated, even post-petition, and have not yet closed. More details about the difficulties encountered in finding potential buyers are included in the First Day Kaestle Declaration, Dkt. 22.

22. The KEIP Obligations will cost, in total, $137,841. This represents only 0.14% percent of Car Toys' revenue in 2024 (the Debtor's revenue in 2024 was $97.2MM). The KEIP Eligible Employees are those in the best position to have measurable impacts on the Debtor's success in closing the contemplated sales and ensuring a smooth Chapter 11 process. Furthermore, the KEIP Obligations are comparable to similar bonuses given by companies of a similar size in the market. The Company crafted the KEIP by consulting with its board members, me, and its legal counsel. The Company made the decision to adopt the KEIP pursuant to the above-identified Metrics in order to accomplish the ultimate goal – the sale of certain stores as going concerns, which will maximize value of the estate for the benefit of the creditors.

**AUTHORIZATION TO FUND CAR TOYS' PAYMENT OBLIGATION UNDER WARN ACT CLASS ACTION SETTLEMENT**

23. After consulting with various professionals, including highly experienced employment counsel, and examining the risks, I consider Car Toys' $125,000 contribution towards the Wireless Advocates WARN Act Settlement Agreement to be the least risky option. I reached this conclusion based on my business judgment, given that it is in the best interests of the bankruptcy estate.

*// Signature Below //*

SUPPLEMENTAL DECLARATION OF PHILIP KAESTLE - 5

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700 fax 206 587 2308

Case 25-12288-TWD    Doc 103    Filed 08/29/25    Ent. 08/29/25 16:36:03    Pg. 5 of 6

EXECUTED this 29th day of August 2025 at Seattle, Washington.

*Philip Kaestle*
Philip Kaestle

SUPPLEMENTAL DECLARATION OF PHILIP KAESTLE - 6

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700 fax 206 587 2308

Case 25-12288-TWD    Doc 103    Filed 08/29/25    Ent. 08/29/25 16:36:03    Pg. 6 of 6