Hon. Timothy W. Dore
Chapter 11
Location: Seattle – Courtroom 8106
Hearing Date: September 9, 2025
Hearing Time: 10:00 AM
Response Date: September 4, 2025

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>CAR TOYS, INC.,<br><br>　　　　　　Debtor. | CASE NO. 25-12288-TWD<br><br>**SUPPLEMENTAL DECLARATION OF DANIEL L. THIEME IN SUPPORT OF (1) MOTION FOR ORDER AUTHORIZING DEBTOR TO PAY WARN ACT CLASS ACTION SETTLEMENT AND (2) APPLICATION TO EMPLOY LITTLER** |

I, Daniel L. Thieme, declare and state as follows:

1. I am senior counsel at the law firm of Littler Mendelson P.C., an international law firm practicing exclusively employment law on behalf of employers. I represent Car Toys, Inc. ("**Car Toys**," the "**Debtor**," or the "**Company**"), a Washington corporation, in employment related matters. I am over the age of eighteen, I have personal knowledge of the facts set forth in this Declaration, and I am competent to testify.

**SUPPLEMENTAL INFORMATION REGARDING WARN ACT SETTLEMENT**

2. On January 17, 2023, Jason Karroll, on behalf of a putative class, filed a lawsuit (the "**South Carolina Lawsuit**") against Car Toys in the U.S. District Court for the District of

SUPPLEMENTAL DECLARATION OF DANIEL L. THIEME IN SUPPORT OF (1) MOTION FOR ORDER AUTHORIZING DEBTOR TO PAY WARN ACT CLASS ACTION SETTLEMENT AND (2) APPLICATION TO EMPLOY LITTLER - 1

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700  fax 206 587 2308

Case 25-12288-TWD    Doc 104    Filed 08/29/25    Ent. 08/29/25 16:38:14    Pg. 1 of 6

South Carolina alleging violations of the federal Worker Adjustment and Retraining Notification Act (the "**WARN Act**"). *See Karroll v. Car Toys, Inc.*, 765 F. Supp. 3d 506 (D.S.C. 2025).

3. Mr. Karroll, through his counsel Jack Simpson, argued the novel legal theory that although sixty days' notice is only required by the WARN Act where a layoff affects fifty or more full-time employees at a single site of employment, the termination of the plaintiffs in the South Carolina Lawsuit was *caused by* the shutdown of Wireless Advocates' headquarters in Washington State (headquarters shared with Car Toys), thereby satisfying the fifty-employee threshold, regardless of the fact that the employees making up the putative class all worked at small kiosks throughout the country – none of which employed more than fifty employees.

4. From 2023 to 2025, Car Toys, through its counsel at Littler Mendelson, moved to dismiss the South Carolina Lawsuit three times and moved for summary judgment twice, in each case on the basis that Wireless Advocates had no WARN notice obligation to the employees at the small sales kiosks. After extensive briefing on these motions, multiple amendments to the plaintiff's complaint, and significant Car Toys resources spent litigating the WARN Act issues, the court finally dismissed Mr. Karroll's lawsuit on February 3, 2025. Recognizing that the dismissal was binding only on Mr. Karroll (because it was entered prior to class certification), Mr. Karroll's lawyer agreed to forego appealing the dismissal in connection with entering into the settlement agreement, discussed below, pursuant to which Car Toys would contribute $125,000 to obtain a release of the WARN claims of the putative class.

5. Shortly after Mr. Karroll filed the South Carolina lawsuit against Car Toys, on February 27, 2023, this Court issued an order granting an involuntary petition seeking Chapter 7 relief against Wireless Advocates. *See In re Wireless Advocates*, Case No. 23-10117-TWD, Dkt. No. 91 (the "**Wireless Advocates Chapter 7 Case**"). Given that Car Toys was a non-debtor entity and not protected by the automatic stay, the South Carolina Lawsuit proceeded against Car Toys. I represented Wireless Advocates in employment matters up to the time of the Chapter 7 filing.

SUPPLEMENTAL DECLARATION OF DANIEL L. THIEME IN SUPPORT OF (1) MOTION FOR ORDER AUTHORIZING DEBTOR TO PAY WARN ACT CLASS ACTION SETTLEMENT AND (2) APPLICATION TO EMPLOY LITTLER - 2

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

Case 25-12288-TWD    Doc 104    Filed 08/29/25    Ent. 08/29/25 16:38:14    Pg. 2 of 6

6. On August 22, 2025, the final hearing in the Wireless Advocates Chapter 7 Case on the WARN Act Adversary Proceeding was held, and this court entered an Order Granting Final Approval of Class Action Settlement Resolving WARN Act Adversary Proceeding. A copy of the Settlement is attached hereto at **Exhibit A**.

7. Pursuant to Car Toy's agreement that is part of that approved settlement, Car Toys' $125,000 settlement contribution will be due on or around October 6, 2025. Given the prior history of Car Toys' involvement in litigating WARN Act claims in the South Carolina Lawsuit, and also given my observations of the litigation in the WARN Act Adversary Proceeding in the Wireless Advocates case, there is good cause to believe that Car Toys will be exposed to future claims by Class Action Plaintiffs should Car Toys fail to pay its settlement obligations to the WARN Act Adversary Proceeding Plaintiffs. Indeed, based on my conversations with plaintiff's counsel Jack Simpson, I believe Mr. Simpson will, in that event, feel duty bound to commence a new WARN Act adversary proceeding against Car Toys, again asserting the claims that he asserted in the South Carolina lawsuit (except not on behalf of Mr. Karroll, whose individual claims are now barred by res judicata – Mr. Simpson also already represents numerous other individual plaintiffs). I would like to believe that, in any such lawsuit, I would be able to persuade this Court to dismiss the claims on the basis relied upon by the South Carolina court. That basis being that the employees of the small sales kiosks across the country cannot plausibly plead that their terminations were caused by the closure of Wireless Advocates' Seattle headquarters. I am keenly aware, however, that this Court declined to grant such a motion to dismiss in the Wireless Advocates case, and that the denial was affirmed by the District Court.

8. Car Toys' $125,000 settlement amount is low in comparison to the $3.5 million that Wireless Advocates is contributing. Moreover, Car Toys' failure to pay would expose the Company to significant liability. The plaintiff class numbers approximately 1,800 people, and Plaintiffs have claimed total class damages of $17.5 million. Car Toys' failure to pay would also expose the Company to additional fees and costs associated with litigation. In fact, Car Toys'

SUPPLEMENTAL DECLARATION OF DANIEL L. THIEME IN SUPPORT OF (1) MOTION FOR ORDER AUTHORIZING DEBTOR TO PAY WARN ACT CLASS ACTION SETTLEMENT AND (2) APPLICATION TO EMPLOY LITTLER - 3

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700  fax 206 587 2308

Case 25-12288-TWD    Doc 104    Filed 08/29/25    Ent. 08/29/25 16:38:14    Pg. 3 of 6

expenditure on attorneys' fees in connection with successfully defending the South Carolina Lawsuit against Mr. Karroll was three times the cost of its current settlement obligation that would resolve these claims on a class-wide basis. In my judgment, the $125,000 settlement amount is less than the costs of defense. Paying this settlement amount will provide certainty to Car Toys at a time when the Company needs it, and will ultimately benefit its existing creditors.

9. Car Toys is requesting this court approve payment pursuant to the Adversary Proceeding Settlement. This amount will be paid from Car Toys' bankruptcy estate, to which Dan Brettler is the largest secured creditor and provider of the DIP loan financing. Mr. Brettler has already consented to the payment of the Adversary Proceeding Settlement by his signature on the agreement.

10. The effective date of Settlement has not yet occurred so all parties at this point continue to have mutual obligations.

**SUPPLEMENTAL INFORMATION REGARDING APPLICATION TO EMPLOY**

11. There are two categories of WARN Act issues upon which Car Toys seeks to obtain Littler's continued representation. One category is Car Toys' WARN obligations as it winds down. This would involve priority claims if not handled properly. I would continue to help Car Toys, Inc. to navigate these issues so that they do not become either wage priority or administrative claims of the Car Toys' bankruptcy estate.

12. The other category is the Wireless Advocates WARN issues, as already noted above. Because those claims against Car Toys are based on the allegation that Car Toys and Wireless Advocates were a "single employer," those claims could involve wage priority claims in the Car Toys bankruptcy, just as they are being treated in the Wireless Advocates bankruptcy. In fact, the plaintiffs in the South Carolina Lawsuit argued that although the terminated employees in that lawsuit were all employed by Wireless Advocates, because Car Toys shared management, ownership, a headquarters facility, and administrative employees under a shared

SUPPLEMENTAL DECLARATION OF DANIEL L. THIEME IN SUPPORT OF (1) MOTION FOR ORDER AUTHORIZING DEBTOR TO PAY WARN ACT CLASS ACTION SETTLEMENT AND (2) APPLICATION TO EMPLOY LITTLER - 4

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700  fax 206 587 2308

Case 25-12288-TWD    Doc 104    Filed 08/29/25    Ent. 08/29/25 16:38:14    Pg. 4 of 6

services agreement, Car Toys should be considered their employer under the WARN Act "single employer" theory.

13. If Car Toys is authorized to pay its contribution to the Wireless Advocates settlement, my post-petition work on the Wireless Advocates WARN issues will have been limited to seeking to have the settlement payment approved.

14. I am concerned that if the settlement does not ultimately become effective, then Car Toys will have to defend WARN claims in the alleged amount of $17.5MM less Wireless's payment of $3.5MM.

15. Littler may also be called upon to advise on non-WARN employment issues related to the wind down, which would again involve priority claims.

16. Littler, in connection with the pre-petition advice rendered to Car Toys regarding potential and actual WARN Act obligations, represented and advised both Car Toys and Mr. Brettler personally. In the event that any conflict were to arise due to that representation, Littler would cooperate with Mr. Brettler obtaining separate counsel.

17. In my view Mr. Brettler has no personal exposure on the federal WARN Act claims that are the subject of the current settlement. The statute provides remedies against an "employer," and states that those remedies are "the exclusive remedies for any violation of this chapter." 29 U.S.C. § 2104. Also, I am aware of a significant body of case law that relies on that provision to hold that individuals are not subject to such claims. I am not aware of a single case that has held to the contrary.

18. Littler has successfully defended Car Toys and obtained pre-class-certification dismissals of multiple putative class action WARN Act cases that were filed against Car Toys arising out of Wireless Advocates' terminations of its employees at the sales kiosks.

19. I believe Car Toys has a right to be indemnified by Wireless Advocates for Car Toys' costs of defense, because the plaintiffs and putative classes were all individuals employed by Wireless Advocates, not by Car Toys. In pressing that claim for indemnification, Car Toys is

SUPPLEMENTAL DECLARATION OF DANIEL L. THIEME IN SUPPORT OF (1) MOTION FOR ORDER AUTHORIZING DEBTOR TO PAY WARN ACT CLASS ACTION SETTLEMENT AND (2) APPLICATION TO EMPLOY LITTLER - 5

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

Case 25-12288-TWD    Doc 104    Filed 08/29/25    Ent. 08/29/25 16:38:14    Pg. 5 of 6

represented by B. Balanda of Fennemore Craig, P.C. In connection with that effort, Littler has provided information to Ms. Balanda about its defenses of the cases against Car Toys and the fees that Car Toys has incurred in those cases.

20. Given that Car Toys is still involved in certain employment-related matters, including open and pending litigation, it is critical that I be appointed employment counsel for Car Toys through the Chapter 11 process, in the event the Company is exposed to additional liability relating to these or other employment-related issues.

21. I have read Local Bankruptcy Rule 2016.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED this 29th day of August 2025 at Roche Harbor, Washington.

_____
Daniel L. Thieme

SUPPLEMENTAL DECLARATION OF DANIEL L. THIEME IN SUPPORT OF (1) MOTION FOR ORDER AUTHORIZING DEBTOR TO PAY WARN ACT CLASS ACTION SETTLEMENT AND (2) APPLICATION TO EMPLOY LITTLER - 6

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700  fax 206 587 2308

Case 25-12288-TWD    Doc 104    Filed 08/29/25    Ent. 08/29/25 16:38:14    Pg. 6 of 6