Honorable Timothy W. Dore
Chapter 11
Hearing Date: September 12, 2025
Hearing Time: 9:30 a.m.
Location: Seattle Courthouse
Response Date: September 5, 2025

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>Car Toys, Inc,<br><br>        Debtor. | Case No. 25-12288-TWD<br><br>UNITED STATES TRUSTEE'S OBJECTION TO APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF CAIRNCROSS & HEMPLEMANN AS BANKRUPTCY COUNSEL |

The Acting United States Trustee (the "**U.S. Trustee**"),[1] hereby files this objection to the *Application for Order Authorizing Employment of Cairncross and Hempelmann as Bankruptcy Counsel*[2] (the "**Application**") filed by Car Toys, Inc. (the "**Debtor**") seeking to employ Cairncross & Hempelmann ("**Counsel**") under §327 on grounds Counsel is not disinterested and thus ineligible. In support of this objection the U.S. Trustee respectfully represents as follows:

## BACKGROUND

1. On August 18, 2025, (the "**Petition Date**") the Debtor filed a petition seeking relief under Chapter 11 of the Bankruptcy Code. ECF No. 1. The petition disclosed the Debtor has an affiliate, Wireless Advocates LLC, ("**Wireless**") whose chapter 7 case is currently pending before

---

[1] Acting United States Trustee for Region 18 Jonas V. Anderson is recused from participation in this matter. The matter is proceeding under the direction of Gregory M. Garvin, Acting United States Trustee for Region 19.

[2] ECF No. 70

UNITED STATES TRUSTEE'S
OBJECTION TO APPLICATION
TO EMPLOY CAIRNCROSS & HEMPLEMANN
- 1

Office of the United States Trustee
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000

Case 25-12288-TWD    Doc 105    Filed 09/02/25    Ent. 09/02/25 08:51:04    Pg. 1 of 14

this court as *In re Wireless Advocates*, 23-10117 (the "**Wireless Bankruptcy**"). *Id.* at p. 3.

2. Prior to the Petition Date, on December 7, 2022, Wireless filed a <u>Petition for Appointment of General Receiver</u> (the "**Receivership Petition**")[3] in King County Superior Court (the "**Wireless Receivership**"). *State of Washington v. Receivership of Wireless Advocates, LLC,* Case No. 22-2-20145-2 SEA (King County Superior Court). The attorneys who signed the Receivership Petition were Bruce Leaverton and Michael Feinberg, in their capacity as "Counsel for Wireless Advocates LLC." *See* <u>Receivership Petition</u>, Exhibit 1 at p. 3. At the time, Mr. Leaverton was working for the law firm of Kar Tuttle Campbell, as was Mr. Feinberg. On December 8, 2022, the King County Superior Court entered the *Order Appointing General Receiver Pursuant to RCW 7.08.030(3) and RCW 7.60.025(1)(j)* (the "**Receivership Order**")[4], which had been presented by Bruce Leaverton whose signature line, again, reflected he was the Attorney for Wireless Advocates. <u>Receivership Order</u>, Exhibit 2 at p. 13-14. The Receivership Order authorized the receiver appointed therein to "promptly prepare and file a motion authorizing it to distribute and pay down the Brettler Secured Loan" which was previously defined therein as a loan owed to Mr. Brettler in the amount of $4,954,607. *Id.* at p. 4 ¶ h. Notably, the August 15, 2022 UCC Financing Statement on file for Mr. Brettler was made returnable to Karr Tuttle. *See* Exhibit 3.

3. On January 23, 2023, the Wireless Bankruptcy was commenced as an involuntary chapter 7 by several of Wireless's creditors. *Wireless Bankruptcy,* 23-10117 at ECF No. 1. On January 27, 2023, Bruce Leaverton filed a request for courtesy notification in his capacity as "Attorneys for Daniel Brettler and Car Toys, Inc." *Id.* at ECF No. 38. On the same date Mr. Leaverton also filed the *Response of Daniel Brettler and Car Toys, Inc., to General Receiver's*

---

[3] A true and correct copy of the Receivership Petition is attached hereto as Exhibit 1.
[4] A true and correct copy of the Receivership Order is attached hereto as Exhibit 2.

UNITED STATES TRUSTEE'S
OBJECTION TO APPLICATION
TO EMPLOY CAIRNCROSS & HEMPLEMANN
- 2

Office of the United States Trustee
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000

Case 25-12288-TWD    Doc 105    Filed 09/02/25    Ent. 09/02/25 08:51:04    Pg. 2 of 14

*Motion for Relief from Turnover Under 11 U.S.C. § 543* requesting the Court grant the receiver's motion to maintain control over Wireless's assets. *Id.* at ECF No. 39. Mr. Leaverton also appeared at the January 27, 2025 hearing in Wireless and noted his appearance for the record stating he represented Daniel Brettler and Car Toys Inc. *See Wireless Bankruptcy,* 23-10117, Docket Minute Entry for 01/27/2023 Hearing. Also on January 27, 2023, Mr. Feinberg filed a request for courtesy notification in his capacity as "Attorneys for Daniel Brettler and Car Toys, Inc." *Id.* at ECF No. 47.

4. On February 21, 2023, Mr. Leaverton filed a *Response of Daniel E. Brettler to General Receiver's Supplemental Submission,* in the Wireless Bankruptcy on behalf of "Daniel E. Brettler, a secured creditor" requesting the receiver be excused from turning over the assets of Wireless's estate. *Wireless Bankruptcy,* 23-10117 at ECF No. 75. Although curiously the signature line for Mr. Leaverton indicated it was filed as "Counsel for Wireless Advocates, LLC." *Id.* at p. 2. On February 23, 2023, Mr. Leaverton filed an amended *Response of Daniel E. Brettler to General Receiver's Supplemental Submission* wherein he corrected his signature line to reflect he was filing it as "Counsel for Daniel E. Brettler and Car Toys, Inc." *Id.* at ECF No. 85. Mr. Leaverton then appeared at the hearing on February 24, 2023 on behalf of Car Toys, Inc and Daniel Brettler. *See Wireless Bankruptcy,* 23-10117, Docket Minute Entry for 2/24/2023 Hearing.

5. On March 28, 2023, Mr. Leaverton filed a letter with the court in the Wireless Bankruptcy stating "I am counsel to creditor Daniel Brettler and Car Toys, Inc." requesting authorization to appear by phone at the March 31, 2023 hearing. *Wireless Bankruptcy,* 23-10117 at ECF No. 142. That request was granted and he appeared on behalf of Daniel Brettler and Car Toys Inc. telephonically in that matter. *See Wireless Bankruptcy,* 23-10117, Docket Minute Entry for 03/31/23 Hearing.

UNITED STATES TRUSTEE'S
OBJECTION TO APPLICATION
TO EMPLOY CAIRNCROSS & HEMPLEMANN
- 3

Office of the United States Trustee
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000

Case 25-12288-TWD    Doc 105    Filed 09/02/25    Ent. 09/02/25 08:51:04    Pg. 3 of 14

6. On April 14, 2023, the Chapter 7 Trustee of the Wireless estate and Mr. Brettler sought approval of a *Stipulation Authorizing Adequate Protection and Use of Cash Collateral Pursuant to § § 361 and 363* (the "**Wireless Stipulation**") in the Wireless Bankruptcy which was "stipulated, through counsel of record" and Counsel for Mr. Brettler was identified as Bruce Leaverton "Attorneys for Daniel Brettler." *Wireless Bankruptcy,* 23-10117 at ECF No. 176.

7. On April 24, 2023, Mr. Leaverton filed a *Reply to Costco's Limited Response to Trustee's Motion Authorizing Use of Cash Collateral Pursuant to § § 361 and 363,* in the Wireless Bankruptcy again signing his name as the attorney for Dan Brettler and Car Toys, Inc. *Wireless Bankruptcy,* 23-10117 at ECF No. 205.

8. On May 22, 2023, Mr. Leaverton filed a secured proof of claim in the Wireless Bankruptcy on behalf of Mr. Brettler attaching thereto copies of the financial documents giving rise to Mr. Brettler's secured claim against Wireless. *Wireless Bankruptcy,* 23-10117 at proof of claim 77 (the "**Brettler Wireless Claim**").[5] The majority of the financial documents underlying the Brettler Wireless Claim have an attorney filing system stamp number, which upon information and belief was generated by the law firm of Karr Tuttle. Current counsel for Mr. Brettler has advised that the original loan documents were drafted by Karr Tuttle, but then at some later point, negotiation of those documents was taken over by his current counsel.

9. On May 24, 2023, Mr. Leaverton, in his capacity as attorney for Daniel Brettler, commenced an adversary against the Wireless chapter 7 trustee and several other defendants seeking to enforce Mr. Brettler's security interest in Wireless's assets. *Brettler v. Burdette, et al.,* Adv. No. 23-01037-TWD at ECF No. 1 (the "**Brettler Adversary**"). On July 5, 2023, Karr Tuttle withdrew

---

[5] A true and correct copy of the Brettler Wireless Claim is attached hereto as Exhibit 4.

UNITED STATES TRUSTEE'S
OBJECTION TO APPLICATION
TO EMPLOY CAIRNCROSS & HEMPLEMANN
- 4

Office of the United States Trustee
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000

Case 25-12288-TWD    Doc 105    Filed 09/02/25    Ent. 09/02/25 08:51:04    Pg. 4 of 14

as Counsel for Mr. Brettler in that adversary. *Id.* at ECF No. 9.

10. On August 20, 2025, Mr. Leaverton filed a notice of appearance on behalf of the Debtor in this case. *In re Car Toys, Inc.,* 25-12288 at ECF No. 28. He also appeared at the hearing on the Debtor's various first day motions, taking the role of lead counsel and making all of the introductory remarks. *See In re Car Toys, Inc.,* 25-12288, Docket Minute Entry for 08/22/25 Hearing. Mr. Feinberg has also entered his appearance on behalf of the Debtor. ECF No. 30.

11. On August 21, 2025, the Debtor filed the *Declaration of Daniel E. Brettler in Support of First Day Motions,* attached to which were copies of financing documents supporting his alleged security interest in the Debtor's assets. *In re Car Toys, Inc.,* 25-12288, ECF No. 21 at Exhibit D and E. Notably, the bottom left footer of those financing documents has a filing system stamp which appears to be substantially similar to the numbering system stamp found on the Brettler / Wireless financing documents. *Compare In re Car Toys, Inc.,* 25-12288 at ECF No. 21-4, Brettler Security Agreement dated May 3, 2023 by and between Car Toys Inc., and Daniel E. Brettler *with*, Exhibit 4: Brettler Wireless Claim, p. 16 of 62, Junior Secured Loan Agreement dated December 1, 2022 between Wireless Advocates LLC and Daniel Buttler. Notably absent from the Brettler Declaration was a copy of the UCC Financing Statement (the "**Brettler Financing Statement**"), a true and correct copy of which is attached hereto as Exhibit 5, which shows it was filed on May 2, 2023, with an acknowledgement to be sent to Karr Tuttle Campbell at 701 Fifth Ave, Suite 3300, Seattle, WA 98104.

12. On August 21, 2025, the Debtor filed its schedules and a statement of financial affairs (collectively, the "**Schedules**"). The Debtor's Schedule A/B lists a counter claim against Wireless in the amount of $13,720,934. ECF No. 47 at p. 27. Curiously, the Debtor's Schedule E/F does not

UNITED STATES TRUSTEE'S
OBJECTION TO APPLICATION
TO EMPLOY CAIRNCROSS & HEMPLEMANN
- 5

Office of the United States Trustee
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000

Case 25-12288-TWD    Doc 105    Filed 09/02/25    Ent. 09/02/25 08:51:04    Pg. 5 of 14

appear to list Wireless as a creditor despite the fact the chapter 7 trustee of Wireless Bankruptcy filed an adversary against the Debtor on February 25, 2025 seeking a monetary recovery. *See Burdette v Car Toys, Inc.,* Adv. No. 25-01028.

13. On August 22, 2025, the Debtor filed the Application which seeks approval of their employment under § 327. ECF No. 70. The Application asserts "[e]xcept as disclosed in the Declaration of Bruce Leaverton, filed herewith, Cairncross represents no other entity in connection with this case, it is not a creditor of the estate, the firm is disinterested as defined in 11 U.S.C. § 101(14), and the firm represents or holds no interest adverse to the interests of the estate with respect to the matters on which it is to be employed." *Id.* at p. 2. Concurrently with the Application, the Debtor filed the *Declaration of Bruce Leaverton in Support of Debtor's Application to Employ Cairncross & Hempelmann as Bankruptcy Counsel* (the "**Leaverton Declaration**") which provided in pertinent part:

> 6. Prior to joining Cairncross & Hempelmann, I was a Shareholder in Karr Tuttle Campbell law firm ("KTC"). Prior to the Chapter 7 case of Wireless Advocates, KTC represented Wireless Advocates, Daniel Brettler and Brettler Real Estate on various matters. Although Micael Feinburg and I represented Wireless Advocates on insolvency related matters prior to its Chapter 7 case, **neither he nor I nor any other former KTC lawyers now at Cairncross represented Mr. Brettler** or Brettler Real Estate, Inc. KTC's prior representation of Wireless Advocates, Daniel Brettler and Brettler Real Estate, Inc. does not present a conflict of interest to Cairncross's representation of the Debtor in this Chapter 11 case. In this regard, Car Toys has previously retained Brandi B. Balanda of Finnemore Craig, P.C. and Deniel Thieme of Littler Mendelson, P.C. to represent Car Toys with regard to existing or any future matters concerning the intercompany claims between Car Toys and Wireless Advocates. Car Toys has filed employment applications for Ms. Balanda and Mr. Thieme to be retained in this case as special counsel on those matters. Mr. Brettler has retained Wenokur Riordan as his personal counsel in this case as well as the Wireless Advocates case.

ECF No. 71 at p 2 (bold added). Notably, the applications to employ Ms. Balada and Mr. Thieme

UNITED STATES TRUSTEE'S
OBJECTION TO APPLICATION
TO EMPLOY CAIRNCROSS & HEMPLEMANN
- 6

Office of the United States Trustee
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000

Case 25-12288-TWD    Doc 105    Filed 09/02/25    Ent. 09/02/25 08:51:04    Pg. 6 of 14

sought employment solely under § 327(e) and do not appear to seek employment as conflicts counsel in the Debtor's chapter 11. *See* ECF No. 36, <u>Application for Order Authorizing Employment of Fennemore Craig as Special Counsel</u>, (seeking employment under § 327(e) for the limited purpose of giving the Debtor legal advice with respect to the Wireless Bankruptcy); and ECF No. 44, <u>Application for Order Authorizing Employment of Littler Mendelson, P.C. as Special Counsel,</u> (seeking employment under § 327(e) for the limited purpose of giving the Debtor legal advice with respect to employment law issues). The Leaverton Declaration is silent as to whether his former client, Mr. Brettler, consented to Mr. Leverton's representation of the Debtor, and also silent as to whether Ms. Burdette, on behalf of his former client Wireless, consented to his current representation of the Debtor.

14. On August 27, 2025, in response to an inquiry from the U.S. Trustee, the Debtor filed the *Supplemental Declaration of Bruce Leaverton in Support of Debtor's Application to Employ Cairncross & Hempelmann as Bankruptcy Counsel* (the "**Supplemental Declaration**"). ECF No. 87. The Supplemental Declaration acknowledged that Mr. Leaverton had filed the Brettler Adversary on behalf of Mr. Brettler but withdrew his representation when the Chapter 7 Trustee objected to his representation of Mr. Brettler given his prior representation of Wireless. *Id.* at ¶ 4. Mr. Leaverton then goes on to suggest that any potential conflict of interest arising therefrom was absolved when Mr. Wenokur substituted as counsel of record in that adversary. *Id.* at ¶ 6.

15. For the reasons set forth herein, Mr. Leaverton and Mr. Feinberg's prior representation of one of the Debtor's largest unsecured creditors, Wireless Advocates, coupled with their and Karr Tuttle's prior representation of the Debtor's sole secured creditor Daniel Brettler, as well as Karr Tuttle's role in drafting at least some of the documents underlying Mr. Brettler's

UNITED STATES TRUSTEE'S
OBJECTION TO APPLICATION
TO EMPLOY CAIRNCROSS & HEMPLEMANN
- 7

Office of the United States Trustee
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000

Case 25-12288-TWD    Doc 105    Filed 09/02/25    Ent. 09/02/25 08:51:04    Pg. 7 of 14

secured claim, renders Counsel, not disinterested and therefore ineligible to represent the Debtor. Further, the taint is so significant, it cannot be remedied by conflicts counsel and as such the Application should be denied in its entirety.

**OBJECTION**

A. **Employment Under § 327(a) Generally**

Section 1107(a) of the Bankruptcy Code vests a debtor in possession with certain rights and powers of a trustee which include the right under § 327 to employ counsel for the estate. *In re B.E.T. Genetics, Inc.*, 35 B.R. 269, 271 (Bankr. E.D. Cal. 1983). Section 327(a) sets forth the requirements imposed on prospective counsel and provides in pertinent part: "the trustee, with the court's approval, may employ one or more attorneys . . . or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons. . . ." 11 U.S.C. § 327(a) and *In re Tevis*, 347 B.R. 679, 687 (B.A.P. 9th Cir. 2006). The applicant seeking employment bears the burden of proof to show that he is both disinterested and does not represent an interest adverse to the estate. *In re Big Mac Marine, Inc.*, 326 B.R. 150, 154 (B.A.P. 8th Cir. 2005) (*citing Interwest Bus. Equip., Inc. v. United States Trustee (In re Interwest Bus. Equip., Inc.),* 23 F.3d 311, 318 (10th Cir. 1994); and *In re Huntco Inc.*, 288 B.R. 229, 232 (Bankr. E.D. Mo.2002)). Courts in the Ninth Circuit generally apply a two-prong test when assessing the propriety of employment under § 327(a): first, the professional must not hold or represent any interest adverse to the estate, and second, the person must be "disinterested" as that term is defined in § 101(14) of the Bankruptcy Code. *Id.* at 418; *In re Tevis,* 347 B.R. at 687; *In re Lee,* 94 B.R. 172, 177 (Bankr. C.D. Cal. 1988); and *In re Perry*, 194 B.R. 172, 177 (Bankr. C.D. Cal. 1988). Here, Counsel has failed both prongs of the test, neither of which can be cured by the existence of conflicts counsel.

UNITED STATES TRUSTEE'S
OBJECTION TO APPLICATION
TO EMPLOY CAIRNCROSS & HEMPLEMANN
- 8

Office of the United States Trustee
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000

Case 25-12288-TWD    Doc 105    Filed 09/02/25    Ent. 09/02/25 08:51:04    Pg. 8 of 14

## B. Counsel Represents an Adverse Interest Which Cannot be Cured by Conflicts Counsel

Mr. Leaverton, Mr. Feinberg and Karr Tuttle's prior representation of Mr. Brettler, and Wireless are adverse representations which cannot be cured by conflicts counsel. The bankruptcy court in *Wheatfield Business Park, LLC,* aptly summarized the policy objectives behind the adverse interest limitation in § 327(a) as follows:

> The section's main policy objective is to assure that a professional employed in the case will devote undivided loyalty to the client. Conflicting loyalties produce inadequate representation, which threatens the interests of both the debtor and the creditors, and compromises the ability of the court to mete out justice in the case. Furthermore, what may be acceptable in a commercial setting, where all of the entities are solvent and creditors are being paid, is not acceptable when those entities are insolvent and there are concerns about intercompany transfers at the preference of one entity and its creditors at the expense of another.

*In re Wheatfield Business Park LLC,* 286 B.R. 412, 417-18 (Bankr. C.D. Cal. 2002). In the instant case, Western District of Washington Local Rule 83.3(a)(2), made applicable to this proceeding by Western District of Washington Local Bankruptcy Rule 9039-2(a), provides that attorneys shall comply with the Washington Rules of Professional Conduct ("**WRPC**"). The WRPC's provide that "while lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7 or 1.9 . . ." Wash. R. Prof. C. 1.11. WRPC 1.7 and 1.9 "prohibit lawyers from representing current clients with conflicting interests and limit lawyers' ability to take on any representation materially adverse to former clients." *In re Hammer,* Case No. WW-06-1373-MODJ, 2007 WL 7540945, at *7 (B.A.P. 9th Cir. Aug. 17, 2007) (citing WRPC 1.7(a) and 1.9). Specifically, WRPC 1.7 provides in pertinent part:

UNITED STATES TRUSTEE'S
OBJECTION TO APPLICATION
TO EMPLOY CAIRNCROSS & HEMPLEMANN
- 9

Office of the United States Trustee
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000

Case 25-12288-TWD    Doc 105    Filed 09/02/25    Ent. 09/02/25 08:51:04    Pg. 9 of 14

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
> (1) the representation of one client will be directly adverse to another client; or
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
> (1) the lawyer reasonably believes the lawyer will be able to provide competent and diligent representation to each affected client;
> (2) the representation is not prohibited by law;
> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
> (4) each affected client gives informed consent, confirmed in writing (following authorization from the other client to make any required disclosures.

Applying the above to the facts herein and beginning with the exception to the rule, there is no evidence suggesting Counsel obtained Wireless's or Mr. Brettler's informed consent to proposed representation of the Debtor. Similarly, the exception requires both clients to provide informed consent and given the debtor-in-possession's fiduciary duties to its creditors, it is unlikely the Debtor has the capacity to grant such consent post-petition. *See In re Git-N-Go, Inc.*, 321 B.R. 54, 60 (Bankr. N.D. Okla. 2004) (*citing In re Envirodyne Industries, Inc.,* 150 B.R. 1008, 1016, 1018 (Bankr.N.D.Ill.1993)); *In re Amdura Corp.,* 121 B.R. 862, 866 (Bankr.D.Colo.1990) (declining to find consent on the part of the debtor in possession holding "what may be acceptable in a commercial setting, where all of the entities are solvent and creditors are being paid, is not acceptable when those entities are insolvent and there are concerns about intercompany transfers and

UNITED STATES TRUSTEE'S
OBJECTION TO APPLICATION
TO EMPLOY CAIRNCROSS & HEMPLEMANN
- 10

Office of the United States Trustee
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000

Case 25-12288-TWD    Doc 105    Filed 09/02/25    Ent. 09/02/25 08:51:04    Pg. 10 of 14

the preference of one entity and its creditors at, perhaps, the expense of another."). Accordingly, the exception to dual representation set forth in WRPC 1.7(b) does not apply.

Having established the exception does not apply, the next issue is whether Mr. Leaverton, Mr. Feinberg and Karr Tuttle's prior representation of Mr. Brettler and Wireless is "directly adverse" to the Debtor's estate or whether there is a significant risk that the representation of the Debtor will be materially limited by Mr. Leverton and Mr. Feinberg's responsibilities to their former clients, Mr. Brettler and Wireless. Mr. Leaverton and Mr. Feinberg's obligations to their former clients are set forth in WRPC 1.9 which provides in pertinent part:

> (b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client
>   (1) whose interests are materially averse to that person; and
>   (2) about whom that lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter; unless the former client gives informed consent, confirmed in writing.

Applying the above to the facts herein, Brettler's interest as an insider secured creditor is an interest which is materially adverse to the Debtor. It was Karr Tuttle that filed the Brettler Financing Statement, perfecting Mr. Brettler's secured claim, and thus Mr. Leaverton would lack any incentive to try to challenge the propriety of that transaction or the validity of the documents underlying that transaction. This is particularly material in this case since, absent invalidating that interest, no other creditor is likely to be entitled to any meaningful recovery.

Similarly, the Debtor is also materially adverse to Wireless. As set forth above, the Debtor's Schedule A/B identifies a claim against Wireless in excess of $13M and Wireless presumably has a significant claim against the Debtor, significant enough to warrant retention of special counsel to

UNITED STATES TRUSTEE'S
OBJECTION TO APPLICATION
TO EMPLOY CAIRNCROSS & HEMPLEMANN
- 11

Office of the United States Trustee
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000

Case 25-12288-TWD    Doc 105    Filed 09/02/25    Ent. 09/02/25 08:51:04    Pg. 11 of 14

litigate. *See See In re Car Toys, Inc.,* 25-12288 at ECF No. 36 (Application to Employ Fennemore Craig as Special Counsel under § 327(e) to represent the debtor in connection with the Wireless Bankruptcy). Simply put, Mr. Leaverton is precluded by the WRPC 1.7 and 1.9 from representing the Debtor, and his inability is imputed to Counsel under WRPC 1.11 such that Cairncross cannot represent the Debtor in this matter.

In addition to being ineligible under the WRPC, Counsel is also ineligible under § 327(a) since Mr. Leaverton's prior representation of Mr. Buttler also creates an "adverse interest" as that term is used in § 327(a). Bankruptcy courts have held that holding an "adverse" interest for purposes of § 327(a) means: "(1) possession or assertion of an economic interest that would tend to lessen the value of the bankruptcy estate, (2) possession or assertion of an economic interest that would create either an actual or potential dispute in which the estate is the rival claimant, or (3) possession of a predisposition under circumstances that create a bias against the estate." *In re NIR W. Coast, Inc.*, 638 B.R. 441, 448 (Bankr. E.D. Cal. 2022) *citing Dye v. Brown (In re AFI Holding, Inc.),* 530 F.3d 832, 845 (9th Cir. 2008), *see also In re Martin,* 817 F.2d 175, 180 (1st Cir.1987) (stating that a bankruptcy court must inquire whether the adverse connection creates "either a meaningful incentive to act contrary to the best interests of the estate and its sundry creditors—an incentive sufficient to place those parties at more than acceptable risk—or the reasonable perception of one"). Applying the above to the facts herein, again, Karr Tuttle appears to have been the firm who filed the Brettler Financing Statement thereby perfecting Mr. Brettler's security interest in the Debtor's assets. That is the sole secured claim in the case and invalidating that claim is likely the only path unsecured creditors have to a meaningful repayment of their claims. Because Mr. Leaverton and Mr. Feinberg posses a predisposition that the claim their former law firm perfected is

UNITED STATES TRUSTEE'S
OBJECTION TO APPLICATION
TO EMPLOY CAIRNCROSS & HEMPLEMANN
- 12

Office of the United States Trustee
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000

Case 25-12288-TWD    Doc 105    Filed 09/02/25    Ent. 09/02/25 08:51:04    Pg. 12 of 14

valid, they are biased against he estate and should not be permitted to act as Debtor's counsel under § 327(a). This is a conflict so significant it cannot be cured with conflicts counsel.

While conflicts counsel can, in certain cases, insulate proposed counsel from hypothetical and speculative conflicts, conflicts counsel cannot cure a § 327(a) disinterestedness conflict when the conflicting creditor is central to the debtor's reorganization. *See e.g. In re Project Orange Assocs., LLC*, 431 B.R. 363, 375 (Bankr. S.D.N.Y. 2010) (denying employment application of DLA Piper under § 327(a) in light of their dual representation of GE, despite having a conflict waiver, when GE was the largest creditor in the case, was highly active, and whose participation was necessary to the debtor's reorganization), and *In re Amdura Corp.*, 121 B.R. 862 (Bankr. D. Colo. 1990) (denying employment application of Winston & Strawn, on grounds they represented the primary creditor in the case on unrelated matters where resolution of the primary creditor's claims were the "lynch-pin of the case"). As set forth above, negotiations with Brettler and the Debtor are likely to involve lynch-pin issues in the case such that conflicts counsel cannot be used to cure or overcome the mandatory requirements of § 327(a).

## C. <u>Counsel is Not Disinterested</u>

The second prong of the Ninth Circuit's § 327(a) eligibility analysis is to assess whether proposed counsel is "disinterested". *In re Tevis,* 347 B.R. at 687. "The term 'disinterested person' is defined in the Bankruptcy Code to include one who is not a creditor and 'does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.'" *In re Sundance Self Storage-El Dorado LP,* 482 B.R. 613, 625 (Bankr. E.D. Cal. 2012) (*quoting* § 101(14)(A) and (C)). The goal of the disinterestedness requirement "is to achieve

UNITED STATES TRUSTEE'S
OBJECTION TO APPLICATION
TO EMPLOY CAIRNCROSS & HEMPLEMANN
- 13

Office of the United States Trustee
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000

Case 25-12288-TWD    Doc 105    Filed 09/02/25    Ent. 09/02/25 08:51:04    Pg. 13 of 14

undivided loyalty to a case that is being administered for the benefit of many." *Id.* In terms of policy and legislative history, the purpose of § 327 was "to preserve the integrity of the bankruptcy system . . . [and was] drafted to avoid conflicts and questionable relationships that had historically cast the bankruptcy system itself in an unfavorable light." *Id.* at 626, *citing In re Kendavis Indus. Int'l, Inc.,* 91 B.R. 742, 747 n. 1 (Bankr. N.D. Tex. 1988) (citing legislative history of disinterestedness requirement). As set forth above, Mr. Leaverton's prior representation of Mr. Brettler and Wireless in the Wireless Receivership and the Wireless Bankruptcy wherein he repeatedly advocated for the propriety of Mr. Brettler's security interest in both Wireless's assets and then assisted in perfecting Mr. Brettler's security interest in the Debtor's assets is a connection which rises to the level of material adversity, and constitutes an adversity that cannot be cured with conflicts counsel. Accordingly, for the reasons set forth herein the U.S. Trustee objects to the Application and requests it be disallowed.

WHEREFORE, for the reasons set forth herein, the U.S. Trustee respectfully requests the Court decline to approve the employment of Cairncross and Hempelmann and for such other relief as is just and proper.

DATED this 2nd day of September, 2025.

Respectfully Submitted,

GREGORY M. GARVIN
Acting United States Trustee for Region 19

/s/ *Kathryn Evans*
Kathryn Evans, Cal Bar No. 240149
Attorney for the United States Trustee

UNITED STATES TRUSTEE'S
OBJECTION TO APPLICATION
TO EMPLOY CAIRNCROSS & HEMPLEMANN
- 14

Office of the United States Trustee
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000

Case 25-12288-TWD    Doc 105    Filed 09/02/25    Ent. 09/02/25 08:51:04    Pg. 14 of 14