Hon. Timothy W. Dore
Chapter 11
Location: Seattle – Courtroom 8106
Hearing Date: September 9, 2025
Hearing Time: 10:00 a.m.
Response Date: September 4, 2025

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>CAR TOYS, INC.,<br><br>                  Debtor. | NO. 25-12288-TWD<br><br>**DEBTOR'S SURREPLY IN SUPPORT OF MOTION FOR ORDER AUTHORIZING DEBTOR TO PAY WARN ACT CLASS ACTION SETTLEMENT** |

Car Toys, Inc. (the "**Debtor**," "**Car Toys**," or the "**Company**"), debtor-in-possession in the above-captioned chapter 11 case, respectfully provides additional briefing in support of its motion (the "**Motion**") for an order authorizing it to pay the WARN Act class action settlement amount described therein. This supplemental brief (the "**Supplemental Brief**") relies upon and incorporates by reference the Declarations of Philip Kaestle (the "**First Day Kaestle Declaration**"), Dkt. 22, and Daniel Brettler (the "**First Day Brettler Declaration**"), Dkt. 21, in Support of the Debtor's First Day Motions, the Declaration of Daniel L. Thieme (the "**Thieme Declaration**"), Dkt. 17, the Supplemental Declaration of Daniel L. Thieme (the "**Supplemental Thieme Declaration**"), and the Supplemental Declaration of Philip Kaestle (the "**Supplemental Kaestle Declaration**"), filed herewith.

DEBTOR'S SURREPLY IN SUPPORT OF MOTION FOR ORDER AUTHORIZING DEBTOR TO PAY WARN ACT CLASS ACTION SETTLEMENT - 1

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700 fax 206 587 2308

Case 25-12288-TWD   Doc 151   Filed 09/08/25   Ent. 09/08/25 17:48:09   Pg. 1 of 6

# MOTION TO PROVIDE ADDITIONAL BRIEFING

Additional replies may be considered by the Court if the Court orders it. LBR 9013-1(d)(6). The U.S. Trustee's Objection offers legally and factually incorrect statements that warrant correction on the record. For that reason, counsel for the Debtor respectfully requests that this additional briefing be considered.

# SUPPLEMENTAL ARGUMENT AND AUTHORITY

**A. Car Toys Is Not Protected by the South Carolina Court Order.**

Without citation to any authority, the U.S. Trustee asserts that the Debtor seeks release of "general unsecured claims which were already dismissed *with prejudice* by the District Court for the District of South Carolina." Dkt. 119 at p. 8 (emphasis in original). On this basis, the U.S. Trustee seems to argue that the Debtor is already protected from liability under the WARN Act by the dismissal order entered by the South Carolina court. This is factually and legally incorrect. The South Carolina court dismissed *only* Jason Karroll's *individual* claims under the WARN Act against the Debtor. And this dismissal was entered before any class had been certified. The roughly 1,800 remaining putative class members in that lawsuit (the same class members identified in the Wireless Advocates lawsuit) are not bound by the South Carolina dismissal order. Thus, the Debtor remains exposed to liability under the WARN Act given that the South Carolina court's dismissal order is not binding against these other 1,800 plaintiffs – it is only binding against Jason Karroll individually.

As the Ninth Circuit has stated, when a defendant obtains a dismissal of a putative class action prior to class certification, the judgment "will not be res judicata as to other individual plaintiffs or other members of any class that may be certified. These individuals or class members remain free to assert any claims they may have . . .." *Wright v. Schock*, 742 F.2d 541, 544 (9th Cir. 1984). Likewise, those 1,800 non-parties are not subject to collateral estoppel. Collateral estoppel applies where, among other requirements, "the plaintiff in the second action, against whom estoppel is being applied, was the party who lost in the prior action, or was in privity with such a

DEBTOR'S SURREPLY IN SUPPORT OF MOTION FOR ORDER
AUTHORIZING DEBTOR TO PAY WARN ACT CLASS ACTION
SETTLEMENT - 2

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700 fax 206 587 2308

4912-3940-6439, v. 3

Case 25-12288-TWD    Doc 151    Filed 09/08/25    Ent. 09/08/25 17:48:09    Pg. 2 of 6

party." *United States Internal Revenue Serv. v. Palmer (In re Palmer)*, 207 F.3d 566, 568 (9th Cir. 2000); see also Taylor v. Sturgell, 553 U.S. 880 (2008) (defensive non-mutual collateral estoppel can be applied in only six limited circumstances, none of which apply here).

### B. The Settlement Agreement Releases the Proper Parties.

The U.S. Trustee implies that the "Released Parties" language of the Wireless Advocates Settlement Agreement is somehow improper because the release extends to the parties "respective current and former agents, employees, predecessors, successors, assigns, heirs, and direct and indirect owners." The U.S. Trustee's implication on this issue misses the mark. The language used in this Settlement Agreement – which has already been approved by this Court – is standard and commonplace. There is nothing improper about this release language, nor does this language have any bearing on Daniel Brettler's ("**Brettler**") personal liability. *See infra.*

### C. Daniel Brettler Has Little to No Exposure to WARN Act Claims.

The U.S. Trustee also emphasizes that the "Released Claims" and "Additional Released Claims" contemplated by the Settlement Agreement "would likely include any claims the Wireless employees had against Mr. Brettler personally as a result of his significant role in the decision to terminate their employment." Dkt. 119 at p. 5. Yet contrary to the U.S. Trustee's assertions, Brettler does *not* have significant personal exposure on these WARN Act claims.

The federal WARN Act provides remedies against an "employer" and states that those remedies are "the exclusive remedies for any violation of this chapter." 29 U.S.C. § 2104. There is a significant body of case law relying on that provision to hold that individuals are not subject to such claims. *See, e.g.*, *Williams v. Phillips Petroleum Corp.*, 23 F.3d 930, 933 (5th Cir. 1994); *Warshun v. New York Community Bancorp, Inc.*, 957 F. Supp. 2d 259, 267 (E.D.N.Y. 2013); *Hollowell v. Orleans Regional Hospital*, 1998 U.S. Dist. LEXIS 8184, 14 BNA IER Cases 225 (E.D. La 1998); *Cruz v. Robert Abbey, Inc.*, 778 F. Supp. 605, 609 (E.D.N.Y. 1991); *Lewis v. Textron Automotive Co.*, 935 F. Supp. 68, 71 (D.N.H. 1996).

This point is further established by a case cited by the U.S. Trustee: *Neal v. United*

DEBTOR'S SURREPLY IN SUPPORT OF MOTION FOR ORDER
AUTHORIZING DEBTOR TO PAY WARN ACT CLASS ACTION
SETTLEMENT - 3

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700  fax 206 587 2308

4912-3940-6439, v. 3

Case 25-12288-TWD    Doc 151    Filed 09/08/25    Ent. 09/08/25 17:48:09    Pg. 3 of 6

*Furniture Indus. (In re United Furniture Indus.)*, 2025 Bankr. LEXIS 945, 2025 WL 1145063 (Bankr. N.D. Miss. Apr. 15, 2025). As stated by the court in *Neal*: "But as to individual liability, the Court is unaware of any case in which a court has held that individuals may be held directly liable under the WARN Act." *Id.* at *26. After analyzing the issue, the court in *Neal* further went on to rule that individual liability under the WARN Act is *not* an available remedy, concluding: "[T]he Court finds that Belford [an indirect owner alleged to have controlled the employer] is not an 'employer' under the WARN Act as a matter of law. The plain language of 29 U.S.C. § 2101(a) defines 'employer' as a 'business enterprise,' and the legislative history supports interpreting that term to mean a company, firm, or similar organizational entity." *Id.* at *29.

The U.S. Trustee is able to cite just one case - *Mowat v. DJSP Enters., Inc.*, 2011 WL 13214330 (S.D. Fla. Apr. 28, 2011) – in which the Court declined to dismiss a claim of direct liability under the WARN Act against an individual. That decision did not validate the claim – rather, the court merely declined to dismiss the claim on the pleadings. Moreover, the decision in *Mowat* is internally inconsistent. The court in that case ruled that an individual cannot be an "employer" liable under the WARN Act, yet also concluded that an individual might be liable as a "single employer."

The U.S. Trustee notes that one court has stated an owner may be liable for the WARN Act violations of a corporation if the plaintiff is able to pierce the corporate veil pursuant to the standards provided by state corporations law. However, it is notoriously difficult to pierce the corporate veil under state law standards, and the Debtor is unaware of any effort by any party to do so here. As stated by the Washington State Supreme Court when dismissing a claim of corporate veil piercing: "To pierce the corporate veil and find a parent corporation liable, the party seeking relief must show that there is an overt intention by the corporation to disregard the corporate entity in order to avoid a duty owed to the party seeking to invoke the doctrine. Generally, a party must show that the corporation manipulated the entities in order to avoid the legal duty." *Minton v. Ralston Purina Co.*, 146 Wn.2d 385, 398-99, 47 P.3d 556 (2002).

DEBTOR'S SURREPLY IN SUPPORT OF MOTION FOR ORDER
AUTHORIZING DEBTOR TO PAY WARN ACT CLASS ACTION
SETTLEMENT - 4

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office: 206 587 0700 fax: 206 587 2308

4912-3940-6439, v. 3

Case 25-12288-TWD    Doc 151    Filed 09/08/25    Ent. 09/08/25 17:48:09    Pg. 4 of 6

Finally, the U.S. Trustee endeavors to explain that Brettler may be personally liable by citing to a case wherein a court imposed individual liability for violations of the California Labor Code. However, the case at bar does not involve the California Labor Code – it involves only the federal WARN Act. And, as explained *supra*, personal liability under the WARN Act is an extremely unlikely outcome.

**D. The Settlement Agreement Does Not Release Daniel Thieme, Who Filed a Declaration in Support.**

In objection to the Debtor's request for authorization to pay $125,000 under the WARN Act Settlement Agreement, the U.S. Trustee explains that it is "concerning" that a declaration filed in support was "filed by an attorney who represented the Debtor in the Car Toys WARN Action, and who falls within the definition of a 'Released Party' who will be released from all the Released Claims and the Additional Released Claims under the Settlement Agreement." Dkt. 119 at p. 12. There is no basis whatsoever for the U.S. Trustee's allegation on this point. Although the release language in the Settlement Agreement covers the Debtor's "agents," it does *not* expressly cover the Debtor's attorneys. Conversely, the release language of the Settlement Agreement *does* expressly cover the *Trustee's* "professionals." The Debtor is unaware of any authority in support of the assertion that WARN Act claims can be brought against an employer's legal counsel – nor does the U.S. Trustee cite any in support.

**CONCLUSION**

The Debtor asks the Court approve its $125,000 contribution under the Settlement Agreement. Any benefit to Brettler individually from the Settlement Agreement's release language is minor (or even non-existent, given the case law discussed *supra*) in comparison to the direct and clear benefit to the Debtor of avoiding (1) exposure to a $17.5 million claim and (2) the waste of administrative expense funds to further defend these WARN Act claims.

DEBTOR'S SURREPLY IN SUPPORT OF MOTION FOR ORDER AUTHORIZING DEBTOR TO PAY WARN ACT CLASS ACTION SETTLEMENT - 5

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700 fax 206 587 2308

4912-3940-6439, v. 3

Case 25-12288-TWD    Doc 151    Filed 09/08/25    Ent. 09/08/25 17:48:09    Pg. 5 of 6

DATED this 8th day of September, 2025.

                                                CAIRNCROSS & HEMPELMANN, P.S.

/s/ *Steven M. Palmer*
Steven M. Palmer, WSBA No. 48823
E-mail: spalmer@cairncross.com
Bruce W. Leaverton, WSBA No. 15329
E-mail: bleaverton@cairncross.com
Maria Y. Hodgins, WSBA No. 56924
E-mail: mhodgins@cairncross.com
Ryan R. Cole, WSBA No. 62066
E-mail: rcole@cairncross.com
524 Second Avenue, Suite 500
Seattle, WA 98104-2323
Telephone: (206) 587-0700
Facsimile: (206) 587-2308
*Attorneys for Debtor*

DEBTOR'S SURREPLY IN SUPPORT OF MOTION FOR ORDER AUTHORIZING DEBTOR TO PAY WARN ACT CLASS ACTION SETTLEMENT - 6

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700 fax 206 587 2308

4912-3940-6439, v. 3

Case 25-12288-TWD    Doc 151    Filed 09/08/25    Ent. 09/08/25 17:48:09    Pg. 6 of 6