In re:

CAR TOYS, INC.,

                 Debtor.

NO. 25-12288-TWD

## DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION

DATED: February 5, 2026

DEBTOR'S PLAN OF REORGANIZATION

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700 fax 206 587 2308 f

# TABLE OF CONTENTS

Page

ARTICLE I Definitions ................................................................................................ 2

ARTICLE II Classification of Claims and Interests .................................................. 9

ARTICLE III Implementation of Plan and Plan Administrator................................. 11

    3.1    Plan Administrator ....................................................................... 11

    3.2    Management of Estate Assets ...................................................... 13

    3.3    No Revesting of Assets ............................................................... 14

    3.4    Cooperation of Debtor ................................................................ 14

    3.5    Payment to the Plan Administrator, Consultants, and Professionals .................... 14

    3.6    Reporting..................................................................................... 15

ARTICLE IV Executory Contracts and Unexpired Leases ......................................... 15

ARTICLE V Procedure for Resolving Contested Claims ............................................ 16

ARTICLE VI Extinguishment of Car Toy's Ownership Interests............................... 17

ARTICLE VII Miscellaneous Provisions .....................................**Error! Bookmark not defined.**

ARTICLE VIII Retention of Jurisdiction .................................................................... 21

ARTICLE IX Events of Default ................................................................................... 24

DEBTOR'S PLAN OF REORGANIZATION - i

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

4926-8464-0900.2

Car Toys, Inc. ("**Car Toys**"), the debtor-in-possession in the above captioned Chapter 11 case (the "**Debtor**"), proposes the following Amended Plan of Reorganization (the "**Plan**") dated January 26, 2026, pursuant to Section 1121 of Title 11 of the United States Bankruptcy Code. The Debtor and Committee are joint proponents of the Plan within the meaning of Section 1129 of the Bankruptcy Code. As such, and subject to the restrictions and requirements set forth in Section 1127 of the Bankruptcy Code and Fed. R. Bankr. P. 3019, the Debtor reserves the right to alter, amend or modify this Plan, as the Debtor deems necessary, prior to the Plan's substantial consummation.

## ARTICLE I

### Definitions

A term used in this Plan that is not defined below and that is defined in the Bankruptcy Code shall have the meaning ascribed in the Bankruptcy Code. When used in this Plan, the following terms shall have the meanings specified below, unless the context otherwise requires:

**Administrative Creditor:** Any person that is the holder of an allowed Administrative Expense claim.

**Administrative Claim Bar Date:** 30 days after the Effective Date. Any Administrative Expense, not yet field as a claim, other than post Effective Date Administrative Expenses filed after this date shall be disallowed.

**Administrative Expense:** Any cost or expense of administration of the Chapter 11 case allowed under § 503(b) of the Code, including, without limitation, any indebtedness or obligation incurred or assumed by the Debtor, in connection with the conduct of their business in the ordinary course, or for the acquisition or lease of property or for the obtaining of services by the Debtor, all allowances of compensation or reimbursement of expenses to the extent allowed by the Court under the Code, and any fees or charges assessed against the estate of the Debtor.

DEBTOR'S PLAN OF REORGANIZATION - 2

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

**Allowed Claim:** Any claim against the Debtor as of the petition date, proof of which was filed on or before the date designated by the Court as the last date for filing proofs of claim or, if no proof of claim is filed, which has been or hereafter is listed by the Debtor as liquidated in amount and not disputed or contingent and, in either case, a claim as to which no objection to the allowance thereof has been interposed within the applicable period of limitation fixed by the Plan, the Code, the Rules or the Court, or as to which any objection has been interposed and/or such claim has been allowed in whole or in part by an order or judgment of the Court that is no longer subject to appeal or certiorari proceeding and as to which no appeal or certiorari proceeding is pending.

**Arbitrator:** An individual selected to oversee Arbitration, as defined herein. The Plan Administrator will identify three candidates, and Brettler may choose one among them.

**Arbitration:** Binding arbitration to determine the status of any D&O Claims against current or former officers up to the D&O insurance limits under the D&O Policy and the tail policies.

**Avoidance Actions:** Any and all Claims and causes of action of the Debtor arising under Chapter 5 of the Bankruptcy Code, including, without limitation, §§ 544, 545, 547, 548, 549, and 550, that have not previously been released.

**Bankruptcy Code:** The Bankruptcy Reform Act of 1978 as amended, Title 11, United States Code, including but not limited to the amendments of the Bankruptcy Consumer Protection Act of 2005.

**Bankruptcy Court:** The United States Bankruptcy Court for the Western District of Washington, at Seattle, having jurisdiction over this Chapter 11 Case pursuant to a reference made pursuant to 28 U.S.C. § 157 by the United States District Court for the Western District of Washington.

DEBTOR'S PLAN OF REORGANIZATION - 3

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

**Bankruptcy Rules:** The Federal Rules of Bankruptcy Procedure, and as applicable, the Local Rules of Bankruptcy Procedure of the Bankruptcy Court, as amended and as applicable to the Chapter 11 Cases.

**Brettler:** Daniel Brettler, chairman of the board of the Debtor, DIP lender, and senior secured lender of the Debtor.

**Brettler Joint Plan Recovery Amount:** After the full satisfaction of the DIP loan and allowed Chapter 11 Administrative Expense Claims, 80% of Seller Note Proceeds shall be allocated to satisfy the agreed Brettler claim recovery.

**Car Toys Equity Interests:** Shares or ownership interests in Car Toys, Inc.

**Cash:** Cash, cash equivalents, and readily marketable securities or instruments including, without limitation, readily marketable direct obligations of the United States of America, certificates of deposit issued by banks, and commercial paper of any entity, including interest earned or accrued thereon.

**Causes of Action:** Any and all claims, rights of action, suits and proceedings, whether in law or in equity, whether known or unknown, which the Debtor may hold against any entity, including, without limitation, any causes of action brought prior to the Petition Date, and including actions against any persons for breach of performance, whether the remedy is monetary or for specific performance, related to the Debtor's tangible and intangible interests in real property. This definition does not include any and all causes of action which may exist under §§ 510, 542, 544 through 550, and 553 of the Bankruptcy Code.

**Chapter 11 Case:** The case commenced by Debtor on August 18, 2025, under Chapter 11 of the Code, and pending in the Court under Case Number 25-12288-TWD.

**Claim:** Any right to payment from the Debtor whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from the Debtor, whether or not such

DEBTOR'S PLAN OF REORGANIZATION - 4

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

**Class 1 Creditor:** A Creditor with a Claim classified in Class 1.

**Class 2 Creditor:** A Creditor with a Claim classified in Class 2.

**Class 3 Creditor:** A Creditor with a Claim classified in Class 3.

**Confirmation Date:** The date upon which the Bankruptcy Court shall sign the order confirming the Plan or the Plan as it may be amended.

**Confirmation Order:** An order of the Bankruptcy Court confirming the Plan in accordance with the provision of Chapter 11 of the Code which is not then subject to a pending motion to clarify, vacate, rehear, modify or amend.

**Creditor:** Any person that has a Claim against the Debtor that arose on or before the Petition Date.

**CTX Sale:** The sale of estate assets to CTX Operating Company.

**Debtor or Debtor-in-Possession:** Car Toys, Inc.

**DIP Loan:** The debtor-in-possession financing provided by Daniel Brettler.

**Directors and Officers/D&O:** The current directors and officers of the Debtor, as of the Petition Date.

**D&O Claim:** Any cause of action that could be brought against the Directors and Officers of the Debtor.

**D&O Policy:** The Directors and Officers liability insurance a policy number 7068742195 with tail provisions expiring 10/15/2032.

**Disputed Claim:** A Claim as to which the Debtor or any party in interest has interposed an objection in accordance with the Plan, the Bankruptcy Code or the Bankruptcy Rules, and such objection has not been determined by an order or judgment that is no longer subject to appeal or certiorari proceeding or as to which to appeal or certiorari proceeding is pending.

DEBTOR'S PLAN OF REORGANIZATION - 5

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

4926-8464-9902
Case 25-12288-TWD   Doc 528   Filed 02/05/26   Ent. 02/05/26 15:59:14   Pg. 6 of 25

**Drive-In Radio Sale:** The sale of estate assets to Drive-In Radio, Inc. DBA Drive-In AutoSound.

**Effective Date:** Provided there is no stay of the plan pending at the time, the Effective date shall be the thirtieth (30th) day following entry of the Confirmation Order on the docket of the Bankruptcy Court.

**Entity:** This term shall have the meaning set forth in § 101(15) of the Bankruptcy Code.

**Estate:** Means the bankruptcy estate of the Debtor created pursuant to section 541 of the Bankruptcy Code upon the commencement of the Chapter 11 Case, including all property of the Debtor, wherever located and by whomever held, as of the Petition Date, together with all proceeds, products, offspring, rents, and profits thereof, and all Causes of Action belonging to the Debtor or the Estate.

**Estate Assets:** Assets of the Estate as defined under Section 541 of the Bankruptcy Code.

**Estate Cash:** Proceeds from the Seller Notes and any amounts recovered through litigation or liquidation.

**Exculpated Parties:** The Debtor and Creditor's Committee, and each of their respective members, attorneys, consultants, financial advisors, accountants, and other advisors and agents (acting in such capacity during the Chapter 11 Case).

**Final Distribution Date:** The date of the Final Distribution, which shall be determined by the Plan Administrator, unless otherwise provided by order of the Bankruptcy Court.

**Holdback Amount:** The pro rata amount otherwise distributable to the Holder of a Disputed Claim and which shall be set aside and preserved by the Plan Administrator pending resolution of the Disputed Claim.

**Holder:** The entity which owns a Claim, as applicable.

**Impaired:** When used with reference to a Claim, impaired has the meaning of § 1124 of the Bankruptcy Code.

DEBTOR'S PLAN OF REORGANIZATION - 6

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

**Insider:** This term shall have the meaning set forth in §101(31) of the Bankruptcy Code.

**Interim Distribution:** The monthly payments following the date of the initial distribution.

**Liquidation Proceeds:** This term means the remaining cash proceeds now held or recovered in the future by the Estate from the collection of Seller Notes, and the liquidation of any remaining assets of the Estate.

**Petition Date:** August 18, 2025, the date on which the Debtor filed their respective voluntary petitions for relief under Chapter 11.

**Plan:** This Plan of Reorganization either in its present form or as it may be altered, amended, or modified from time to time.

**Plan Administration Agreement:** The service agreement between the Plan Administrator and the Estate to be filed as part of the Plan Supplement.

**Plan Administrator (also referred to as the "PA"):** Individual or Entity to be named in the Plan Administration Agreement to be filed with the Plan Supplement, or such other entity designated pursuant to the Plan to serve as the Plan Administrator and to carry out the implementation of this Plan of Reorganization.

**Plan Supplement:** The compilation of documents, schedules, exhibits, and other materials to be filed with the Bankruptcy Court prior to the Confirmation Hearing, as may be amended from time to time, which shall be incorporated into and made a part of the Plan and shall be effective as of the Effective Date, including, without limitation:

- documents governing the plan administrator;

-

- any other documents necessary or appropriate to implement the Plan.

**Priority Claim:** A claim entitled to a distribution priority under 11 U.S.C. § 507 of the Bankruptcy Code above general unsecured claims.

**Priority Tax Claim:** A Claim that is entitled to priority of payment under § 507(a)(8) of the Code.

DEBTOR'S PLAN OF REORGANIZATION - 7

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

4926-8464-0900.2

Case 25-12288-TWD   Doc 528   Filed 02/05/26   Ent. 02/05/26 15:59:14   Pg. 8 of 25

**Released Claims:** Any and all D&O Claims against Daniel Brettler, provided however, that D&O litigation may be pursued exclusively up to the D&O Policy limits. No personal liability on such D&O Claims maybe assessed as against Daniel Brettler or any current Directors or Officers as of the petition date.

**Released Parties:** Collectively, and except for the Directors and Officers with regards to any potential D&O litigation up to the D&O Policy limits but excluding personal liability: (a) the Debtor and the reorganized Debtor; (b) the Committee; (c) all current and former Committee Members; and (d) with respect to each of the foregoing Entities identified above in (a) through (c), all of the current and former members, officers, directors, employees, partners, and representatives of each of the foregoing Entities (whether current or former, in each case in his, her, or its capacity as such).

**Reorganized Debtor:** The Debtor, or any successor thereto by merger, consolidation or otherwise, on and after the Effective Date.

**Ride Ready Sale:** The sale of estate assets to Ride Ready, Inc.

**Seller Notes:** Promissory notes held by the Debtor and made by CTX Operating Company, Inc, Ride Ready, Inc., and Sound Distributions, Inc.

**Seller Note Proceeds:** Any proceeds arising from the Seller Notes.

**Selway Sound Sale**: The sale of estate assets to Selway Sound, Inc. DBA Aspen Sound.

**Sound Distribution Sale:** The sale of estate assets to Sound Distribution, Inc.

**Subordinated Claims:** Allowed Claims which are subordinate in priority to Class 2 Allowed Unsecured Claims, pursuant to applicable bankruptcy and non-bankruptcy law, including without limitation Tax Penalty Claims and Allowed Claims subject to subordination pursuant to Section 510 of the Bankruptcy Code.

**Tax Penalty Claim:** The penalty portion of an unsecured claim held by a governmental unit that is not compensation for actual pecuniary loss and which is therefore not entitled to the priority provided under § 507(a)(8) of the Bankruptcy Code.

DEBTOR'S PLAN OF REORGANIZATION - 8

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

4926-8464-9902288-TWD   Doc 528   Filed 02/05/26   Ent. 02/05/26 15:59:14   Pg. 9 of 25

**Unsecured Claim:** Any Claim other than an Administrative Expense, a Priority Tax Claim, Priority Claim, or secured claim.

**Unsecured Creditor:** Any Creditor holding an Unsecured Claim.

**Waterfall:** The estimated Plan payment schedule at Exhibit C to the Disclosure Statement.

## ARTICLE II

## Classification of Claims and Interests

**2.1** The categories of Claims and Interests set forth below classify all Claims against and Interests in the Debtor for all purposes of this Plan. Administrative Expense Claims are not subject to classification pursuant to § 1122 of the Bankruptcy Code and, if determined to be Allowed Claims by order of the Bankruptcy Court, they shall be paid in full on the later of fourteen (14) days following the Effective Date or the Bankruptcy Court order allowing such Claims or upon agreement of the claimant which may include a term. A Claim or Interest shall be deemed classified in a particular Class only to the extent the Claim or Interest qualifies within the description of that Class and shall be deemed classified in a different Class to the extent that any remainder of such Claim or Interest qualifies within the description of such different Class.

**2.2** The classification of Claims under the Plan is as follows:

| Class | Designation | Impairment | Entitled To Vote |
|---|---|---|---|
| 1 | Secured Claim of Daniel Brettler | Impaired | Yes. |
| 2 | General Unsecured Claims | Impaired | Yes. |

The classification of Interests under the Plan is as follows:

| Class | Designation | Impairment | Entitled To Vote |
|---|---|---|---|
| 3 | Car Toys Equity Security Interests | Impaired | No. |

Unclassified Claims under the Plan are as follows:

| Class | Designation | Impairment | Entitled to Vote |
|---|---|---|---|
| | Administrative Expenses including 503(b)(9) | Unimpaired | No. |
| | Priority Claims | Unimpaired | No. |

DEBTOR'S PLAN OF REORGANIZATION - 9

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

**Treatment of Claims**

**(Class 1)**

**2.3**     Brettler has agreed to receive the Brettler Joint Plan Recovery Amount in satisfaction of his secured claim, which shall consist of, after payment in full of Administrative Expenses (including the DIP Loan): (1) payment of 80% of the Seller Note Proceeds, and (2) 100% of the proceeds from any excess funds as defined in the PSAs.

**(Class 2)**

**2.5**     Holders of Class 2 Claims shall be paid, after payment in full of Administrative Expenses (including the DIP Loan) and Priority Claims: (1) 20% of the Seller Note Proceeds and (2) 100% of the proceeds of any litigation recovery(ies). Brettler is not entitled to a general unsecured claim.

**(Class 3)**

**2.6**     The Holders of Car Toys, Inc. Equity Interests shall receive no distributions under the Plan.  All ownership interests in the Debtor will be cancelled upon the Effective Date.  The members of Class 3 are not entitled to vote to accept or to reject this Plan and pursuant to § 1126(g) of the Bankruptcy Code, are deemed to have rejected this Plan.

**2.7**     The Debtor will request confirmation of this Plan, as it may be modified from time to time, under § 1129(b) of the Bankruptcy Code with respect to any of the foregoing Classes which rejects, or is deemed to have rejected, this Plan.

**(Administrative Expense Claims)**

**2.8**     Administrative Expenses including the DIP Loan, shall be paid from Liquidation Proceeds.  Payment shall be allocated:  (1) 50% of Liquidation Proceeds to the DIP Loan and (2) 50% of Liquidation Proceeds to all other Administrative Expenses, until either the DIP Loan or

DEBTOR'S PLAN OF REORGANIZATION - 10

the other Administrative Expenses are paid in full, at which point 100% of Liquidation Proceeds shall be paid to the remaining Administrative Expense(s) until all Administrative Expenses have been paid in full.

**(Priority Claims)**

2.9    Priority Claims shall be paid pursuant to 11 U.S.C. §1129(a)(9). To the extent Priority Claims remain unpaid at confirmation, they will be paid from 20% of the Seller Note proceeds after the Administrative Expenses are paid.

**ARTICLE III**

**Implementation of Plan and Plan Administrator**

**3.1    Plan Administrator**

3.1.1    As of the Effective Date, assets to the Estate shall vest in the Plan Administrator and s/he shall have exclusive management authority and control over all of the Estate. The Plan Administrator shall, (i) collect and distribute all Liquidation Proceeds and (ii) hold privileges related to and pursue litigation against Directors and Officers, to the extent of recovery available from the D&O Policy, and other parties, as the Plan Administrator deems appropriate and (iii) object to claims and administer all allowed claims under the plan and (iv) attend to the wind-down of the Debtor's estate and (v) restructure the Seller Note loans, or otherwise pursue the Estate's remedies related to the Seller Note loans, in the event of a buyer default. If the Plan Administrator determines at any time that the remaining plan administration encompasses solely the collection and distribution of funds, the Plan Administrator shall work to ensure that such remaining administration be handled on a cost-effective basis, which may include utilizing a ministerial collection agent/administrator for the collection of payments and disbursement of funds. The Plan Administrator's actions shall be subject to the terms and conditions of the Plan Administration Agreement to be filed as part of the Plan Supplement.

3.1.2    The Released Parties and Released Claims were bargained for in exchange for Brettler agreeing to a limitation of his secured claim and a sharing of the Seller Note Proceeds.

DEBTOR'S PLAN OF REORGANIZATION - 11

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700   fax 206 587 2308

**3.1.3** Selection of the Plan Administrator shall occur as follows: the parties shall work in good faith to establish commercially reasonable experience as criteria for selection, the Committee shall identify four candidates, and Brettler may choose one among them.

**3.1.4** The Plan Administrator shall provide notice (an "**Action Notice**") to all creditors who have filed a request for special notice with the Bankruptcy Court, and shall contemporaneously file such notice with the Bankruptcy Court, if the Plan Administrator intends to take any of the following actions: 1) settle or abandon a Cause of Action; 2) settle or abandon a Claim objection; 3) abandon any property of the Estate; or 4) terminate her or his services as Plan Administrator (in which case s/he shall include in such notice the identity of the person intended to replace her or him in this capacity). If the Plan Administrator receives no objection to the Action Notice within seven (7) days of its filing, the Plan Administrator shall be deemed authorized to take the noticed action without the necessity of a hearing or order of the Bankruptcy Court. If the Plan Administrator receives a timely objection to the Action Notice, the Plan Administrator shall request a hearing before the Bankruptcy Court and obtain an order of approval before taking the noticed action consistent with all applicable Bankruptcy Code sections and rules.

**3.1.5** Except as otherwise provided in Section 3.1.1, the Plan Administrator shall be vested with, without limitation, all rights, powers, and benefits afforded to a "trustee" under Section 704 and 1106 of the Bankruptcy Code. The Plan Administrator is authorized (but is not required) to file a motion with the Bankruptcy Court, on notice to all creditors who have filed a request for special notice, to resolve or determine any issue under the Plan or relating to Plan administration, or to approve any course of action (including extension of any deadlines provided herein) necessary or appropriate to Plan administration.

**3.1.6** The Plan Administrator may retain such law firms, accounting firms, experts, advisors, consultants or other professionals deemed necessary in his/her discretion and pay them from Estate Cash in aid of the performance of his/her responsibilities pursuant to the terms of this Plan. Actions taken in this regard by the Plan Administrator are deemed to comply with 11 U.S.C.

DEBTOR'S PLAN OF REORGANIZATION - 12

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

4936-8404-0900.2

Case 25-12288-TWD   Doc 528   Filed 02/05/26   Ent. 02/05/26 15:59:14   Pg. 13 of 25

§ § 327, 328, and 330 without need for further court order. More specifically, to examine the viability of any claim on the D&O Policy of the Debtor, the Plan Administrator may hire special counsel, on an hourly or contingency basis as determined by the Plan Administrator. All D&O litigation will be handled through binding Arbitration. The Arbitrator will be identified as follows: the Plan Administrator will identify three candidates, and Brettler may choose one among them. The Plan Administrator is expressly authorized to retain professionals who have represented the Debtor or any creditor, and to retain professionals who are related to or affiliated with members of the Unsecured Creditors' Committee (the "**Committee**"). The Plan Administrator is further authorized in her or his discretion to retain former employees of the Debtor as consultants to assist in implementation and administration of the Plan.

**3.2** **Management of Estate Assets.**

**3.2.1** Any cash constituting Estate Assets or the proceeds thereof shall be deposited in a segregated account or accounts at a national bank, with funds not immediately required for distribution or payment of expenses and costs to be in an interest-bearing account. The Plan Administrator may use the funds in this account to fund distributions to creditors as provided for in the Plan, fees and expenses of the Plan Administrator and her or his professionals (including, without limitation, the costs of preservation and maintenance of Estate Assets, compensation of the Plan Administrator and professionals, and to pay insurance, taxes and other expenses arising in the ordinary course of business in maintaining and disposing of any of Estate Assets).

**3.2.2** The investment powers of the Plan Administrator, other than those reasonably necessary to preserve and maintain the value of the Estate Assets, are limited to investing in demand and time deposits in collateralized accounts meeting the standards of the offices of the United States Trustee pursuant to Section 345 of the Bankruptcy Code.

DEBTOR'S PLAN OF REORGANIZATION - 13

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

**3.3** **No Revesting of Assets.** The Estate shall remain property of the Debtor's bankruptcy estate created under Section 541 of the Bankruptcy Code. Such assets shall not revest in the Debtor but shall instead remain subject to the control of the Plan Administrator and the in rem jurisdiction of the Bankruptcy Court following the Confirmation Date.

**3.4** **Cooperation of Debtor.**

**3.4.1** Debtor and its current or former directors and officers, shall, continue to reasonably cooperate with the Plan Administrator in administering Estate Assets and performing her or his duties. Such obligation shall include, without limitation, (i) an obligation to sign such instruments or documents as are necessary or desirable in effecting the provisions of the Plan, (ii) an obligation to assist in resolving tax matters that arise, such as, for example, assisting in determining the tax basis of any Estate Assets and assisting in the preparation and filing of tax returns or amended tax returns, (iii) to assist in any avoidance action or claim objection proceeding commenced by the Plan Administrator in carrying out his obligations under this Plan; and (iv) an obligation to appear to consult or testify, upon reasonable advance notice and without the necessity of subpoena, in connection with any other litigation to which the Plan Administrator is party. Consultants' cooperation shall be sought on reasonable notice and shall be subject to reasonable and necessary compensation.

**3.4.2** Debtor shall cooperate with the Plan Administrator to facilitate the transfer of Debtor's books and records to the Plan Administrator, including computer generated or maintained books, records and data. Debtor shall assist in causing their agents, including their accountants, to cooperate in this regard as well. Further, Debtor and its current and former Directors and Officers shall not take any action that would hinder or obstruct the Plan Administrator from performing his/her duties under this Plan.

**3.5** **Payment to the Plan Administrator, Consultants, and Professionals.**

Professional fees and expenses incurred by the Plan Administrator prior to the Effective Date shall require Bankruptcy Court approval after notice to Creditors. Professional fees and

DEBTOR'S PLAN OF REORGANIZATION - 14

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

expenses incurred by the Plan Administrator following the Effective Date shall be governed by the Plan Administration Agreement.

**3.5.1** The Plan Administrator shall be authorized to make periodic payments for his/her and his/her professionals' and consultants' fees and costs. Prior to each payment, the Plan Administrator shall give notice of his/her intent to compensate the Plan Administrator and his/her professionals for their fees and expenses ("**PA Compensation Notice**") to all creditors who have filed a request for special notice with the Bankruptcy Court and shall contemporaneously file the PA Compensation Notice with the Bankruptcy Court. The PA Compensation Notice shall include a description of the relevant time periods, the services provided, and the compensation amounts sought. If the Plan Administrator receives no objection to the PA Compensation Notice within fourteen (14) days of its filing, the Plan Administrator shall pay his/her and his/her professionals' fees and costs without the necessity of a hearing or order of the Bankruptcy Court. If the Plan Administrator receives a timely objection to the PA Compensation Notice, the Plan Administrator shall request a hearing before the Bankruptcy Court and obtain approval of some or all amounts set forth in the PA Compensation Notice before making such payments.

**3.6** **Reporting.** While the case remains open, the Plan Administrator shall file a quarterly report concerning his/her activities as Plan Administrator at the end of each 90-day period following the Effective Date and shall file a final report in connection with the Final Distribution and the closing of these Chapter 11 Cases.

**ARTICLE IV**

**Executory Contracts and Unexpired Leases**

**4.1** On the Effective Date, all executory contracts and unexpired leases to which the Debtor is a party shall be deemed rejected, except for, the purchase and sale agreements relating to the CTX Sale, the Ride Ready Sale and the Sound Distributions Sale, the Selway Sound Sale, the Drive-In Radio, Inc Sale, and the agreement for Debtor's existing D&O Policy, and the Threshold Communications Agreement.

DEBTOR'S PLAN OF REORGANIZATION - 15

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

4936-8404-0906.2

Case 25-12288-TWD   Doc 528   Filed 02/05/26   Ent. 02/05/26 15:59:14   Pg. 16 of 25

**4.1.1**   The Threshold Communications Agreement is Assumed pursuant to this plan after the effective date and payment of $28,000 as an agreed cure payment. The remaining executory contract is assigned to the buyers only to the extent necessary to ensure uninterrupted telephone and internet service.

**ARTICLE V**

**Procedure for Resolving Contested Claims**

**5.1**   **Objections to Claims.**  Only the Plan Administrator shall have standing to object to claims. Objections to Claims shall be made and served upon each holder of such Claims or and filed with the Court within 120 days of the Effective Date; provided, however, that the deadline may be extended upon *ex parte* motion to the Court for cause shown.

**5.2**   **Prosecution of Objections to Claims.**  The objecting party shall litigate to judgment, settlement, or withdrawal of any objections to contested Claims. No distribution shall be made to any Creditor while an objection to the Claim or Administrative Expense is pending and the amount of such pending Claim shall be reserved and retained by the Plan Administrator, and the remaining distributions to the class which includes the contested Claim shall be reduced by the amount of the contested Claim. Creditors, whose Claims become Allowed Claims or allowed, shall receive the reserved distributions as soon as practical after they become allowed.

**5.3**   **Late Filed Claims.**  Unless otherwise ordered by the Bankruptcy Court upon motion and notice, any proof of Claim, filed after the Confirmation Date shall be automatically disallowed as a late-filed Claim without further action unless the Creditor obtains an order authorizing and allowing the late filed claim on good cause shown.

**5.4**   **Disputed Claims.**  Notwithstanding any other provisions of the Plan, no payments or distributions shall be made on account of any disputed Claim until such Claim becomes an Allowed Claim, and then only to the extent it becomes an Allowed Claim. The Plan Administrator shall reverse and retain distributions that would otherwise be paid to the Claimant or holder of an Administrative Expense prior to the allowance of a Claim or Administrative Expense. Creditors

DEBTOR'S PLAN OF REORGANIZATION - 16

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700   fax 206 587 2308

and holders of Administrative Expenses whose Claims and Administrative Expenses become Allowed Claims or allowed Administrative Expenses shall receive the Reserved Distributions immediately after their Claim or Administrative Expenses becomes an Allowed Claim or allowed Administrative Expense.

5.5 The Plan Administrator may file a final decree any time after the completion of claims objections. The final decree shall allow for the case closure with the Plan Administrator empowered to continue administration pursuant to the Plan and Plan Supplement. The Plan Administrator may bring a motion to reopen this case upon plan default or if in the manifest interests of justice without having to pay a reopening fee.

## ARTICLE VI

## Extinguishment of Car Toy's Ownership Interests

6.1 On the Effective Date, all existing and outstanding ownership interests in Car Toys shall be deemed extinguished and of no further existence or value. The claims of the holders of Car Toys Ownership Interests shall be resolved through the claim administration process established by this Plan.

## ARTICLE VII

## Releases and Exculpation

Released Parties: Release by the Debtor, its Estate, Plan Administrator, and Committee of the Directors and Officers.

7.1 As of the Effective Date, the Debtor, its Estate, any representative of the Estate appointed or selected pursuant to sections 1103, 1104, or 1123(b)(3) of the Bankruptcy Code or under chapter 7 of the Bankruptcy Code and any person seeking to exercise the rights of the Estate including without limitation, as reflected by their signatures on Exhibit B to the Plan Supplement, the Plan Administrator, the unsecured Creditors' Committee, and (the "**Estate Representatives**"), shall be deemed to irrevocably and unconditionally release, waive, and discharge any and all rights to recover, collect, execute upon, or satisfy any judgment, award, settlement, or determination

DEBTOR'S PLAN OF REORGANIZATION - 17

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

from the Released Parties or from any personal, marital, community, separate, trust, corporate, partnership, membership, beneficial, or other assets or interests of any kind owned or controlled by the Released Parties, with respect to any claims (as defined in section 101(5) of the Bankruptcy Code), obligations, suits, judgments, damages, demands, debts, rights, causes of action, or liabilities of any nature whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, or otherwise, that arose from or are based in whole or in part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date, and that could have been asserted by or on behalf of the Debtor, its Estate, or creditors of the Estate, whether directly, indirectly, derivatively, or in any representative or other capacity. Notwithstanding the foregoing, the Claims are not released and the Estate Representatives may pursue such Claims, only to the extent that proceeds are available under any applicable D&O Policy, provided that binding arbitration shall be the exclusive and sole forum and mechanism for asserting, resolving, and determining any such Claims.

Accordingly:

**7.1.1**   All such Claims shall be submitted exclusively to confidential, binding arbitration, and no party shall commence or prosecute any action, suit, or proceeding in any court or other forum against the Directors and Officers with respect to such claims, except to enforce an arbitration award or to seek insurance coverage consistent with this Section;

**7.1.2**   Any arbitration award, determination, or settlement shall be enforceable solely against the proceeds of the D&O Policy, and the Estate Representatives irrevocably waive and covenant not to seek recovery, collection, execution, or satisfaction from the Directors and Officers personally or from any non-insurance assets or interests;

**7.1.3**   The Directors and Officers shall have no obligation to pay, fund, contribute to, or indemnify any portion of any arbitration award or settlement from personal or non-insurance assets, and no personal financial liability shall arise therefrom;

DEBTOR'S PLAN OF REORGANIZATION - 18

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700   fax 206 587 2308

4936-8404-0900.2

Case 25-12288-TWD    Doc 528    Filed 02/05/26    Ent. 02/05/26 15:59:14    Pg. 19 of 25

**7.1.4** Any arbitration award shall be deemed fully satisfied to the extent of available insurance proceeds, and no deficiency, remainder, or uncovered amount may be asserted against the Directors and Officers; and

**7.1.5** The commencement or prosecution of arbitration shall not give rise to, revive, or support any claim for indemnification, advancement, reimbursement, or contribution against the Debtor, the Estate, the Plan Administrator, or any Estate assets, except to the extent of proceeds actually available under the D&O Policy. For the avoidance of doubt, the Parties acknowledge and agree that arbitration may result in findings of fact or conclusions of law regarding the conduct of the Directors and Officers, but such findings shall not give rise to personal liability, collection rights, or recourse of any kind against the Directors and Officers, and shall serve solely as a predicate for recovery, if any, from the D&O Policy.

**7.2** **Release by the Directors and Officers of the Debtor**

From and after the Effective Date, as reflected by their signatures on Exhibit B to the Plan Supplement, the Directors and Officers, and any person or entity seeking to exercise the rights of the Directors and Officers, including without limitation, any successor to Directors and Officers, shall be deemed to forever release and waive all claims (as such term "claim" is defined in section 101(5) of the Bankruptcy Code), obligations, suits, judgments, damages, demands, debts, rights, causes of action and liabilities against Debtor, its creditors, the Committee, its members and/or the Plan Administrator, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, that are based in whole or in part on any act, omission, transaction, event or other occurrence taking place through and including the Effective Date in any way relating to the Debtor, the chapter 11 case, or the Plan, and that could have been asserted by or on behalf of the Directors and Officers, whether directly, indirectly, derivatively or in any representative or any other capacity, at any time up to and including the Effective Date. For the avoidance of doubt, nothing herein shall be construed as (a) a release of the Debtor or Plan Administrator of any of their

DEBTOR'S PLAN OF REORGANIZATION - 19

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

obligations to the Directors and Officers created under this Plan or (b) a release of any of claims, causes of action, or any rights or remedies that the Directors and Officers may have against any party other than the Debtor, its creditors, or the Plan Administrator.

**Exculpated Parties:** The Exculpated Parties shall not have or incur any liability to any Person for any act taken or omitted to be taken in relation to this Bankruptcy Case from and after the Petition Date through the Effective Date, including, but not limited to, with respect to the formulation, preparation, dissemination, negotiation, implementation, confirmation, or approval of this Plan, or any contract, instrument, release, or other agreement or document provided for or contemplated in connection with the consummation of any transactions or actions to be taken in connection with this Plan; *provided, however*, that the provisions of this section shall not affect (i) the liability of any Person that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted gross negligence or willful misconduct; or (ii) any obligations expressly arising under the Plan.

## ARTICLE VIII

### Miscellaneous Provisions

**8.1    Termination of the Plan.**  The Plan shall terminate and otherwise cease to be of any force or effect upon satisfaction of all of the Plan's terms and completion of all distributions required under the Plan.

**8.2    Modification of Plan.** The Debtor may propose amendments ormodifications to the Plan at any time prior to Confirmation.  After Confirmation, the Reorganized Debtor or the Plan Administrator may, with leave of court and so long as it does not materially or adversely affect the interest of Creditors or other parties in interest, remedy any defect or omission or reconcile any inconsistency in the Plan or in the Confirmation Order in such manner as may be necessary to carry out the purposes, intent, and effect of the Plan.

**8.3    Undeliverable Distributions**. Any distribution returned to the Plan Administrator as undeliverable shall be held for six (6) months.  Plan Administrator shall make reasonable efforts

DEBTOR'S PLAN OF REORGANIZATION - 20

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700   fax 206 587 2308

to locate the holder of an Allowed Claim entitled to such distribution. After six (6) months, if no holder of an Allowed Claim asserts a claim for the undeliverable distribution, it shall become property of the Estate, and no further distributions shall be made to the claimant.

**8.4** **Post-confirmation Obligations for Reporting and Fees.** The Plan Administrator shall be responsible for timely payment of fees incurred pursuant to 28 USC § 1930(a)(6) until the case is closed, converted, or dismissed. The Plan Administrator shall prepare and file the quarterly post confirmation reports required by LBR 2015-1 for each quarter, or portion thereof, that the case remains open. Upon request of an interested party, the Plan Administrator shall furnish a disbursement report, which shall include a detailed statement of all disbursements made during the course of the quarter, whether or not pursuant to the Plan.

**8.5** ***De Minimis* Distributions.** The Plan Administrator shall not be required to issue distribution checks in an amount less than $15.00. Should a cash balance remain in the Consolidated Estate of less than $5,000 following the Final Distribution, the Plan Administrator may contribute such remaining balance to the CENTS nonprofit organization promoting Consumer Education and Training Services.

**8.6** **Additional DIP Funding.** Upon the Effective Date, Daniel Brettler shall fund an additional DIP advance in the amount of $150,000, which shall be used to fund the expenses of the Plan Administrator, with any excess funds going toward payment of any unpaid Administrative Expenses. The Debtor's attorney or Brettler's attorney shall be authorized to amend the First Amended and Restated Senior Secured Super-Priority Debtor-In-Possession Promissory Note to increase the borrowing limit to $1,000,000.

**ARTICLE IX**

**Retention of Jurisdiction**

The Court shall retain jurisdiction of this Chapter 11 case pursuant to the provisions of the Code until and subject to further order of the Court; specifically, the Court shall retain jurisdiction to hear or determine the following matters:

DEBTOR'S PLAN OF REORGANIZATION - 21

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

**9.1** To enable the Debtor or Reorganized Debtor to consummate any and all proceedings which may be brought prior to or subsequent to the Confirmation Order.

**9.2** To consider actions to avoid, set aside, or otherwise determine the extent, validity, and priority of liens or encumbrances.

**9.3** To consider objections to Claims or the allowance thereof.

**9.4** To consider actions for the recovery of assets (including but not limited to accounts) or damages as entitled under the applicable provisions of the Code or other federal, sates, or local law, including but not limited to actions based on any ultra vires pre-petition acts of the Debtor.

**9.5** To prosecute to resolution all related contested matters or adversary proceedings pending on the Confirmation Date or filed in the Court thereafter.

**9.6** To issue injunctions or take such other actions or make such other orders as may become necessary or appropriate to restrain interference with the Plan or its execution or implementation; to take any action to enforce and execute the Plan, the Confirmation Order, or any other order of the Court; and to issue such orders as may be necessary for the implementation, execution, performance, and consummation of the Plan.

**9.7** To determine all matters that may be pending before the Court on or before the Effective Date.

**9.8** To classify, allow, or disallow Claims and the direct distribution of funds under the Plan and to adjudicate all controversies concerning the classification, treatment, or allowance of any Claim.

**9.9** To enforce performance of the Plan.

**9.10** To hear and determine all Claims arising from the rejection of executory contracts and unexpired leases and to consummate the rejection and termination thereof.

**9.11** To liquidate damages in connection with any disputed, contingent, or unliquidated Claims.

**9.12** To recover all assets and properties of the estate wherever located.

DEBTOR'S PLAN OF REORGANIZATION - 22

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

**9.13** To hear and determine matters concerning state, local, and federal taxes.

**9.14** To determine any and all applications for allowance of pre-confirmation compensation and expense reimbursement of professionals or other Administrative Expense claimants.

**9.15** To resolve any dispute related to the implementation, execution, consummation, or interpretation of the Plan or Confirmation Order and the making of distributions under this Plan.

**9.16** To resolve any dispute related to the scope of duties or powers, including those related to compensation or retention of employees, consultants, or professionals of the Debtor or the Plan Administrator.

**9.17** To determine all applications, motions, adversary proceedings, contested matters, actions, and any other litigation instituted in this case by or on behalf of the Debtor.

**9.18** To hear actions required to protect the property of the Debtor from adverse Claims or interference inconsistent with this Plan, including actions to quiet or otherwise clear title to such property based upon the terms and provisions of this Plan.

**9.19** To hear and determine such other matters and make such orders as are necessary and appropriate to carry out the provisions of the Plan. The powers of this Court shall be broadly and liberally construed.

DEBTOR'S PLAN OF REORGANIZATION - 23

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

## ARTICLE X

### Events of Default

An event of default shall occur if the Reorganized Debtor fails to fulfill any material term of the Plan, including any payment due under the Plan.  In such an event, the party alleging such default shall provide written notice of the alleged default to the Reorganized Debtor and its attorneys (the "Default Notice"), at each of the following addresses, which shall be deemed received (i) if by Federal Express or expedited delivery service, the confirmed date of delivery; (ii) if by electronic mail, the date of the transmission of such electronic mail; and (iii) if by U.S. Mail, the third Business Day thereafter:

[plan administrator address]

If, after forty-five (45) days following the Reorganized Debtor's and its counsel's receipt of the Default Notice, the Reorganized Debtor and such party have been unable to resolve, or the Reorganized Debtor has been unable to cure, the asserted default, such party may proceed with any remedies available to it under applicable law, provided that nothing herein shall limit or affect the Reorganized Debtor's right to seek appropriate relief from any court of competent jurisdiction.

DATED this 5 day of February , 2026.

By: /s/ *Philip Kaestle*
Philip Kaestle, Chief Restructuring Officer

DEBTOR'S PLAN OF REORGANIZATION - 24

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700   fax 206 587 2308